THOMAS McLEAN

*v.*

JOHN McBEAN.

1. PLEADING — *in suit against devisee for devisor's debt.* Where an action is brought against an heir or devisee, under the statute, for the debt of his ancestor or devisor, the facts authorizing such action must be distinctly set forth in the declaration. No recovery can be had under the common counts for work and labor performed, etc.

2. Heirs — *liability for ancestor's debt.* An heir or devisee is under no legal liability to discharge the debt of his ancestor or the devisor from whom he takes real estate, except when the personal estate of such ancestor or devisor is insufficient to pay the same.

3. Consideration — *is essential.* It is essential to every contract or promise that it be founded upon a good consideration.

4. Same — *promise to pay devisor's debt.* The devise of real estate to a party, not creating any liability to pay the devisor's debt, it not being shown there was no personal estate left, a promise to pay the same by the devisee, without any other consideration, is void, and cannot be enforced.

5. But even if the devise had created a legal liability to pay the devisor's debt, a verbal promise by the devisee to pay the same, without being released from liability under the statute, will be without consideration, and void.

Appeal from the Superior Court of Cook county; the Hon. John Burns, Judge, presiding.

Messrs. Hoyne, Horton & Hoyne, for the appellant.

Mr. Ira W. Buell, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This was an action of assumpsit, brought by John McBean, in the Superior Court of Cook county, against Thomas McLean, for filling, grading and paving in the year 1858 or 1859, Washington street, in the city of Chicago, in front of property then owned by Thomas McLean, Sr., father of appellant.

The declaration contained the common counts, to which appellant filed three pleas, general issue, the statute of limitations and the statute of frauds. A jury having been waived, a trial was had before the court, which resulted in a judgment in favor of appellee, for $400.

It appears from the record, that the work for which this suit was brought to recover was performed in 1858 or 1859. Appellee testifies that the work was done at the request of property owners fronting on Washington street, including Thomas McLean, Sr. The only other witness called by appellee, however, testifies that McLean objected to having the work done

at the time, for the reason that the buildings on his property were old, and he was receiving but small rents; but aside from this fact, appellee testified that McLean, Sr., several times promised to .pay him for the work, and a like amount that Mr. Peck, another property owner on the street, should pay.

The evidence tends to show the work was worth $1,600, but no settlement was effected between McLean, Sr., and appellee, up to the time of his death, which occurred in 1865.

The property fronting on Washington street was devised to appellant and his sister, who were the only children and heirs-at-law of Thomas McLean, Sr.

In 1869 or 1870, Mr. Peck settled with appellee for the work on the street fronting his property, and paid fifty cents on the dollar upon the cost of the work.

Appellee proves by Mr. Barker, that in 1869 or 1870, appellant agreed to settle and pay on the same terms that Mr. Peck had; that he would pay $400 for himself, and his sister would pay a like amount. Appellee himself testified that appellant made a like promise to him in New York in 1871.

The evidence of both of these witnesses is squarely contradicted by appellant, who, in his evidence, says he never at any time promised or agreed to pay the demand or any part of the same.

Appellee bases his right of recovery against appellant solely upon this promise, when the clear conflict in the evidence is considered, in connection with the fact that this account was standing unsettled from 1858 to 1865, the date of the death of McLean, Sr., for whom the work was claimed to have been done, and from that time no effort whatever having been made to enforce its collection until 1869 or 1870, it is not going too far to say the evidence is very unsatisfactory upon which to sustain a judgment. We are not, however, inclined to disturb the judgment upon this ground, as there is another question fatal to a recovery.

A recovery is not claimed on the ground that appellant was

devisee of his father, and as such liable for the debt. Where an action is brought against the heirs or devisees, under our statute, the facts authorizing it must be distinctly set forth in the declaration. *Ryan* v. *Jones*, 15 Ill. 2. In this case the declaration contains merely the common counts. No recovery could, therefore, be had against appellant as devisee.

It does not appear from the evidence contained in the record before us that appellant was liable as devisee.

The personal estate of a decedent is primarily liable for the payment of debts ; no resort can be had to real estate until the personal estate is exhausted, or until it has been determined insufficient to discharge all legal liabilities of the deceased ; and the statute which authorizes an action against a devisee does so only where the personal estate of the ancestor is insufficient to pay the debts. Revised Laws of 1874, page 524, section 12.

It nowhere appears from this record that the personal estate of Thomas McLean, Sen., was insufficient to pay and discharge all his liabilities. There was then no legal liability resting upon appellant to pay the account of appellee.

If it be true, then, that appellant promised to pay appellee his account, amounting to the sum of $400, can an action be maintained upon that promise ?

It is essential to every contract or promise that it be founded upon a good consideration. If the promise upon which this action was brought was without consideration, it would be void, and no action could be maintained upon it. It is, however, claimed by appellee that the consideration was the devise of the lands fronting upon the street where the work was done ; but we have shown that the devise of these lands created no legal liability upon appellant to pay the debt. The promise, then, was a bare, naked one, based upon no legal liability, and we are unable to perceive any consideration upon which it could rest.

But even if it was true appellant was liable under the statute as devisee to pay the debt, we apprehend this action could not be maintained on the promise claimed to have been made.

In *Runnamaker* v. *Cordray*, 54 Ill. 303, which was an action

brought upon a promise to pay a judgment rendered in a foreign State, the declaration containing the common counts, it is said " The first question presented is, whether plaintiff could recover on the verbal promise of defendant to pay the judgment. Such a promise is without consideration, and cannot increase or change the liability of the debtor. The recovery of the judgment imposes the obligation to pay, and that obligation is in nowise increased or changed by the verbal promise.

" The verbal promise does not extinguish the binding force of the judgment. It remains unimpaired. Nor does the promise create a new debt or undertaking of binding force."

The same may be said in regard to the liability of appellant under the statute, if any exists, and the verbal promise upon which this action is brought.

We are, therefore, of opinion that the promise upon which this action is brought was made without consideration and that no action can be maintained upon it.

The judgment will be reversed.

*Judgment reversed.*