## ROBERT L. GUY, Admr. etc. *et al.*

### *v.*

## JOHN C. GERICKS.

1. HEIRS—*liability for ancestor's debts.* Heirs are not liable for the debts of their ancestor where the latter leaves personal estate sufficient to discharge all just demands against his estate.

2. SAME—*declaration.* Where a creditor of a deceased person sues the administrator and his heirs jointly, for the debt of the ancestor, the declaration should show that the personal estate of the deceased debtor was not sufficient to discharge the just demands against his estate, or that there was no personal property left, and that there was real estate which had descended to the heirs.

3. LIMITATION—*as to claims against estate, where no inventory has been filed.* Where an administrator neglects to file an inventory of the real and personal estate of the intestate, there is no Statute of Limitations to bar an action against him on a claim against the estate other than that which would bar an action on the claim itself.

APPEAL from the Circuit Court of Fayette county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

This suit was brought against the administrator and heirs at law of William Guy, on a promissory note made by William Guy and Ogden Cary, on the 9th day of July, A. D. 1865, to plaintiff, by the name of J. C. Gericks, for the sum of $100, with interest at 10 per cent per annum from date. Both makers have since died. William Guy died February 7, 1865, and Ogden Cary, on the 28th of August, A. D. 1869. Letters of administration were granted to Robert L. Guy, on the estate of William Guy, March 28, 1865, and on the estate of Ogden Cary, September 11, 1869. This suit was not brought to trial until February 6, 1874. The court to

whom the cause was submitted for trial, found the issues for plaintiff, and rendered judgment in his favor for the amount of the note and interest, with costs of suit.

The cause is to be heard in this court on the appeal of the administrator and the heirs of William Guy.

Mr. J. P. VAN DORSTON, for the appellants.

Messrs. HENRY & FOUKE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

There is no controversy as to the facts of the case, and the questions raised are all questions of law. It is conceded William Guy died leaving $2500 worth of personal property, and real property of greater value, which, after payment of such claims as were established against his estate, descended to and was distributed among his heirs; that the administrator gave notice to all creditors to bring forward their claims; that plaintiff never filed his claim for probate, and had he done so it appears it would have been paid; and that the administrator never made any inventory of the effects of the estate, but made final settlement of his administration and was regularly discharged. It is also conceded the estate of Ogden Cary was insolvent. What was his financial condition between the falling due of the note and his death, does not appear.

On reference to the twelfth section of the Statute of "Frauds and Perjuries," under which this action was commenced, it will be seen the heir or devisee is only chargeable with the debts of his ancestor in case the personal estate is insufficient to discharge the just demands against his estate, and then only to the full amount of the lands, tenements or hereditaments, or rents and profits out of the same, as may have descended or been devised to such heir or devisee. Waiving the consideration of all statutes of limitations, we do not understand how, under the admitted facts, the heirs in this case can be charged with the debts of their ancestor. The personal effects were sufficient to discharge all just demands against the estate of

the ancestor, and where that is the case it is plain no action can be maintained against the heirs. So far as the judgment against the heirs is concerned, it is clear it is not warranted by the law.

The question of most difficulty is, whether the administrator can successfully interpose any defense to the action. Had he filed a complete inventory of all the property of the estate, both real and personal, it will not be denied the bar of two years under the statute would be effectual as to all creditors under no disabilities nor " beyond seas." But no inventory of either the personal or real property belonging to the estate was ever filed, and we are not aware there is any Statute of Limitations that would bar an action against an administrator in such cases, other than that which would bar an action on the note. It is not a question of enforcing the lien which the creditors have on real property in the hands of an assignee of the heir or devisee to whom it may have come from the decedent, and for that reason the bar of seven years, which is deemed a reasonable time, according to the analogies of our law, in which such liens may be enforced, can not be invoked.

Where the two years limitation can not be interposed by the executor or administrator to an action subsequently brought, the judgment against him for the amount of the creditor's claim can only be that it be paid in due course of administration, out of such assets, not inventoried, as may thereafter be discovered.

It appears from the averments of the declaration, there were personal effects of the estate which it is conceded were not inventoried, sufficient to pay plaintiff's claim. That fact, as we have seen, bars any action, under the statute, against the heirs to whom real estate may have descended. Had it appeared there was personal property belonging to the estate, and had it been averred it was not sufficient to discharge the just demands against the estate of decedent, and that there was real estate that had descended to the heirs, then, according to the construction heretofore given to the statute by this court, a

joint action could be maintained against the administrator and the heirs, and after the personal effects had been exhausted, the balance of the judgment could be enforced against the heirs to the value of the real estate that passed to them. But that is not this case. Here, the personal effects were sufficient, at least there was personal property, and there is no averment it was inadequate to discharge the just demands against the estate of the ancestor, and our conclusion is, that where that is the case no action will lie against the heir or devisee of real property. On reference, it will be found these views are sanctioned by the previous decisions of this court. *Ryan* v. *Jones*, 15 Ill. 1; *McCoy* v. *Morrow*, 18 Ill. 519.

The judgment will be reversed, and cause remanded.

*Judgment reversed.*