## NANCY A. CROCKER ET AL.

### v.

## HENRY SMITH.

1. ENFORCEMENT OF ANCESTOR'S DEBTS AGAINST HEIRS—STATUTE OF FRAUDS—CUMULATIVE REMEDIES.—The remedies against heirs and devisees for debts of their ancestor, furnished by the statute of frauds, are cumulative in their character, and furnish additional means to those at common law for the collection of such debts.

2. PURPOSE OF STATUTE.—The purpose of the statute was not to change the common law remedy then existing for specialty creditors, where the ancestor had expressly bound the heir, but to give additional remedies, not only to them but to all creditors of the deceased.

3. MEANING OF "HEIRS" IN COVENANT OF WARRANTY.—In a covenant of warranty binding the covenantor and his heirs, the latter word comprehends the heirs of heirs ad infinitum. So, in an action upon such covenant, the grandchild of the covenantor was properly made a party.

4. ACTION UPON COVENANT—AVERMENT OF ASSETS.—In such an action it is not necessary to aver that the heir had assets by descent, but it devolves upon him to plead riens per discent.

5. GUARDIAN OF MINOR HEIR NOT A PARTY DEFENDANT.—In an action for breach of warranty of title against the heirs of the grantor, the guardian of a minor heir is not a proper party defendant, and it is error to render judgment against him jointly with the other defendants.

6. SERVICE MUST BE MADE ON INFANT DEFENDANT.—When suit has been brought against an infant he should be duly served with process, and the court should, before plea, appoint a guardian ad litem.

APPEAL from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 14, 1882.

Mr. E. P. SLATE, for appellants; that the declaration should show in what manner the defendants inherited from the estate, cited Bernard v. Cox, 25 Ind. 251.

There was sufficient personal assets of the estate to satisfy plaintiff's claim if it had been presented in due course of administration: Ryan v. Jones, 15 Ill. 1; Laughlin v. Heer, 89 Ill. 119; Guy v. Gericks, 85 Ill. 428.

Statutes of frauds are statutes of repose and regarded favorably by the courts: Lessee of Parrish v. Ferris, 2 Black.

Crocker v. Smith.

606; Lewis v. Marshall, 5 Pet. 470; Bell v. Morrison, 1 Pet. 360; Willison v. Watkins, 3 Pet. 54; Tracy v. Suydam, 30 Barb. 117; LaFrombois v. Jackson, 8 Conn. 615.

Mr. Jos. W. Rickert and Mr. John Michan, for appellee ; that the Statute of Frauds must be pleaded specially, cited Boston v. Nichols, 47 Ill. 353; Chicago Dock Co. v. Kinzie, 49 Ill. 289; Deniston v. Hoagland, 67 Ill. 265.

Under the word " heirs" are comprehended the heirs of heirs *ad infinitum:* Bouv. Law Dic., Merrill v. Atkin, 59 Ill. 19; 1 Chitty's Pl. 54; Plowd. 441; Coke on Littleton, 9a; Newland v. Johnson, 5 J. J. Marsh, 851; Waller v. Elles, 2 Munf. 95.

Where the heir is not expressly named in the bond or con- tract, he is not bound: Britton, 64; Coke on Littleton, 376b; Bacon's Abr. title "Heir," Dyer, 271; Plowd. 457; Williams on Real Property, 80; Truett & Sons v. Cummons, 6 Bradwell, 73.

The statute is only cumulative of the common law remedy: Plunket v. Penson, 2 Atk. 294; Cole v. Raymond, 9 Gray, 219; Lawrence v. Buckman, 3 Bibb. 24.

Appellee was not bound to seek satisfaction out of the per- sonal estate: Long v. Baker, 2 Haywood, 128; Crisfield v. Storr, 36 Md. 153.

Baker, J. This was covenant against Nancy A. Crocker, George A. Crocker, Julia C. Copp, a minor, and William H. Copp, her guardian. A demurrer to the declaration was over- ruled, and a final judgment rendered against all the defendants for $1,239.64 and costs, and execution awarded therefor. The declaration shows, in substance, that one Cortez Crocker, since deceased, did, on the third day of March, 1865, execute a deed to one Walton, for a tract of land in Monroe county, with full covenants of warranty, in which he expressly bound not only himself, but his heirs. It further shows that Henry Smith, the appellee, is the remote grantee of said Cortez Crocker, and that Cortez Crocker died intestate in 1876, seized in fee simple of lands of the value of $13,500, and also of personal property of great value.

That said Cortez left him surviving, Charles A. Crocker and

George A. Crocker, his sons, and Julia C. Copp, his granddaughter, as his heirs-at-law, all of whom shared equally in the estate of which he died seized, and that the defendant William H. Copp, is the legally appointed guardian of Julia C. Copp, who is a minor. That in 1879 said Charles A. Crocker died intestate, leaving said George A. Crocker, and Julia C. Copp, and his mother, Nancy A. Crocker, as his only heirs-at-law; and that the estate of Cortez Crocker was administered on in 1876, and final settlement thereof made in 1878, when $11,912.71, the residue of the personal estate after payment of debts, was paid over by the administrators to said Charles A. Crocker, George A. Crocker, and Julia C. Copp. And the declaration concludes by showing a breach of the covenants of warranty contained in the deed of said Cortez Crocker, and an eviction from the land and damages.

It is clear that appellee does not, by the averments in his declaration, bring himself within the provisions of the Statute of Frauds and Perjuries; and it is contended by appellant that the provisions of that statute worked a repeal of the common law remedy. We do not so understand the law. The remedies against heirs and devisees furnished by the statute, are cumulative in their character, and afford not only a means for the collection of many debts and demands against deceased persons, for the collection of which no provision existed prior thereto, but also additional means for the collection of such debts as were already, at common law, a charge upon the heir. The purpose of the statute was not to change the common law remedy then existing for specialty creditors, when the ancestor had expressly bound the heir, but to give additional remedies, not only to them, but to all creditors of the deceased. We are not advised that the point has been expressly passed upon by the Supreme Court of this State, but in Ryan v. Jones, 15 Ill. 1, the court said: " It may be that a separate action will still lie against heirs, in cases where they were suable at common law;" and in Hoffman v. Wilding, 85 Ib. 453, it was said, " As the debt upon which this action was brought does not fall within any of the specified cases in which, at common law, the heir would be liable, if the action can be maintained, it must be

Crocker v. Smith.

under the provision of our statute." See, also, Lawrence's heirs v. Buchman, 3 Bibb, 24; Long's Ex'rs v. Baker, 2 Haywood, 128; Crisfield v. Storr, 36 Maryland, 129, 153.

Nancy A. Crocker and Julia C. Copp were properly made parties defendant in this suit; under the word heirs are comprehended the heirs of heirs, *ad infinitum*. Merrill v. Atkin, 59 Ill. 19. When assets by descent vest in the heir, the charge will continue to run against his heir taking the same assets. Platt on Covenants, 450; Waller's Executors v. Ellis, 2 Mumford, 88. It need not be averred that the heir has assets by descent, but it devolves on him or her to plead *riens per discent*. The demurrer, however, should have been sustained to the declaration, for the reason that William H. Copp is joined as a party defendant, and no cause of action is shown against him; the mere fact he was the guardian of an infant heir of Cortez Crocker, deceased, would not render him personally liable for the debts of said Crocker. Upon overruling the demurrer, damages were assessed against all the defendants, including said guardian, and a personal judgment rendered against them and execution awarded. This is a serious and substantial error; as for the payment of the judgment rendered, the lands and property of the guardian are liable to be sold on execution.

It appears from the record that no summons was ever issued for, or served upon Julia C. Copp, the infant defendant. Where suit is brought against an infant, she should be duly served with process, and the court should, before plea, appoint a guardian *ad litem*. A minor can not appear in person, or appoint or appear by attorney; and jurisdiction over a minor can not be obtained by the entry of appearance by either guardian or attorney. McDermaid v. Russell, 41 Ill. 489; Greenman v. Harvey, 53 Ib. 386; Enos v. Cappe, 12 Ib. 255; Peak v. Shasted, 21 Ib. 137; Hall v. Davis, 44 Ib. 494; Quigley v. Roberts, 44 Ib. 503. There was error in rendering judgment against this infant, which was fundamental and jurisdictional in its character. For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.