## CAROLINE SCHOPPER ET AL.

### v.

## AUGUST HILDEBRANDT, Adm'r, etc.

EQUITY JURISDICTION—LIABILITY OF HEIRS AND DEVISEES.—A bill in chancery seeking to make the heirs at law and devisees personally liable by virtue of section 12, chapter 59, R. S. *Held*, that courts of equity do not have jurisdiction in this class of cases. The remedy provided by the statute is purely a legal one; the heirs at law and devisees being entitled to all the benefits of a jury trial as to the validity of the claim against their ancestor, as to whether or not the same is barred by the Statute of Limitations and as to the value of the lands descended to them.

ERROR to the Circuit Court of Calhoun county; the Hon. C. EPLER, Judge, presiding. Opinion filed January 22, 1884.

Mr. J. S. CARR, for plaintiffs in error: that the remedy is at law, cited McCarthy v. Lavasche, 89 Ill. 271; Culver v. Third Nat. Bk., 64 Ill. 529; Wincock v. Turpin, 96 Ill. 143; Wells v. Lammey, 88 Ill. 175; Clinton Co. v. Schuster, 82 Ill. 137; Brown v. Wabash Ry. Co., 96 Ill. 297; The People v. Biggins, 96 Ill. 481; Story's Eq. Jur., § 33; Whitney v. Stevens, 97 Ill. 483.

Messrs. ARGUST & KEATING, for defendant in error; that the liability of heirs at law and devisees of a deceased person for

a debt of their ancestor or testator is the same both in law and in equity, cited Cutwright v. Stanford, 81 Ill. 240; Van Meter's Heirs v. Love's Heirs, 29 Ill. 488; Conover v. Hill, 76 Ill. 342.

McCULLOCH, P. J.   This was a bill in chancery brought by defendant in error, as administrator of Charles Otte, against plaintiffs in error, as heirs at law of one George Kinder, to recover for work and labor performed by said Charles Otte for said George Kinder in his life-time.  The services were rendered from the year 1872 until 1878, when Kinder died testate, and his widow, Caroline, since intermarried with one Schopper, became his executrix.   At the end of two years from the date of her letters testamentary, she made final report and was discharged.   The claim of Otte was never probated against the estate of Kinder.   It is now claimed that because the personal estate was not sufficient to pay the debts, and land having descended to the heirs and devisees, they have became personally responsible for the claim of Otte, by virtue of Sec. 12, Ch. 59 R. S.

It is objected on the part of plaintiffs in error that if they are liable at all, the remedy provided by this statute is purely a legal one; that they are entitled to all the benefits of a jury trial as to the validity of the claim against their ancestor, as to whether or not the same is barred by the Statute of Limitations and as to the value of the lands descended to them, all of which questions are vital as to the extent of their liability.   This objection we are of opinion is well taken.   The claim is a purely legal one and the remedy must be found in a court of law.   At the last term of this court we decided substantially the same question.   Epler v. Epler, 13 Bradwell, 472.   We refer to the following authorities as sustaining us in this decision: Blanchard v. Williamson, 70 Ill. 647; LeMoyne v. Quimby, 70 Ill. 399; Freeland v. Dazey, 25 Ill. 294; Hardin v. Douglas, 64 Ill. 466; Conover v. Hill, 76 Ill. 342; Hurlbut v. Johnson, 74 Ill. 61.

Several cases have been cited by counsel for defendant in error to the effect that the liability of the heirs and devisees

is the same in equity that it is at law. We have examined these cases and find that, in so far as they state the measure of the liability of the heirs and devisees, courts of equity will follow the courts of law and hold them liable just as courts of law do. But in no case do we find this statute construed as giving courts of equity jurisdiction in this class of cases. In every case wherein the rule is stated as contended for by counsel for defendant, some other ground of equitable jurisdiction existed, either exclusive or concurrent with courts of law. The question now presented did not and could not have arisen in such cases.

We are therefore of opinion that the relief granted by the decree in this case was not within the jurisdiction of a court of equity, and for that reason the decree will be reversed and the bill dismissed.

Decree reversed.