THE PEOPLE, for the use of Stanley B. Sexton,

*v.*

JANE A. BROOKS.

*Filed at Ottawa November 11, 1887.*

1. DESCENTS—*personal property subject to payment of debts.* Our Statute of Descents, providing that personal as well as real estate shall descend to the heir of a deceased person, does not prevent the administrator from taking title to the personal property in trust for the payment of the debts of the intestate, and its language does not contemplate that it shall descend to, or be distributed among, the heirs-at-law until all just claims and debts are paid.  Only the residue belongs to the heir.

2. HEIRS AND DEVISEES—*liability for debts of ancestor.* The entire question of the liability of heirs and devisees for the debts of ancestors and devisors is covered by our statute, and to the extent it enlarges the common law liability it is enlarged, but no further.

3. Heirs are not, in general, liable for the debts of their ancestor, when the latter leaves personal estate sufficient to discharge all just demands against his estate.  The statute makes the heir liable for his ancestor's debts only in respect to the real estate which may descend to him, and when the heir takes only personal estate, and administration has been had on the estate, he is not liable to an action by a creditor of his ancestor.

4. SAME—*former decision.* The case of *Dugger et al.* v. *Oglesby,* 99 Ill. 405, is not to be construed as holding that there may be a recovery against the heir-at-law for the ancestor's debt, on account of personal property received by him from the ancestor's estate.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. SWETT, GROSSCUP & SWETT, for the appellant:

The circuit court erred in holding that the plaintiff's right of action was barred by subdivision 7, section 70, of the Administration act.  *Dugger* v. *Oglesby,* 99 Ill. 405; *Payson* v. *Hadduck,* 8 Biss. 293; *Hall* v. *Martin,* 46 N. H. 337.

Mr. WILLIAM H. SWIFT, and Messrs. C. H. & C. B. WOOD, for the appellee:

By sections 12 to 14, of chapter 59, of the Revised Statutes, title, "Frauds and Perjuries," heirs are made liable for the debts of the ancestor to the full amount of lands, tenements, hereditaments, or any rents or profits out of the same, that have descended to them. (*Bonnell* v. *Holt*, 89 Ill. 72.) But they are not liable where such ancestor leaves personal estate sufficient to discharge all just demands. *Guy* v. *Gericks*, 85 Ill. 428; *Hoffman* v. *Wilding*, id. 453; *Ryan* v. *Jones*, 15 id. 1.

To charge an heir, it must appear either that real estate descended, and that there was no personal estate, or that the latter was insufficient to pay debts of the ancestor. *Laughlin* v. *Heer*, 89 Ill. 122; Homer's Prob. Law, secs. 217-223.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an action of debt on a guardian's bond, against the heir-at-law of one of the sureties. By stipulation of the parties all defences were admissible under the pleas pleaded.

We deem it necessary to consider but one of the questions discussed in the printed arguments before us, since, agreeing, as we do, with the Appellate Court on that question, it necessarily follows that the judgment must be affirmed.

The evidence shows that the bond in suit was signed on the 3d day of January, A. D. 1873. The Appellate Court, in addition to holding as we do upon the question hereafter considered, held that it was never delivered; but we shall not go into that question. The defendant's intestate died on the 28th day of June, A. D. 1873, and final settlement was made of his estate on the 24th day of November, A. D. 1875. The ward became of age on the 25th day of August, A. D. 1874. No claim was ever filed in the probate court in favor of the ward, or on account of the liability of the intestate as surety on the guardian's bond, against the intestate's estate. The intestate

died seized of no real estate, and necessarily none descended to the heir-at-law. On final settlement, $300,000 of personal property were found to be in the hands of the administrator, and were ordered to be paid over to the defendant. This suit was not commenced until the 22d day of May, A. D. 1882,— three days, only, less than six years and a half after the final settlement of the intestate's estate.

By the common law, the entire personal estate went to the administrator, and upon him was then devolved the duty of paying the debts, according to their priority; and the only remedy for the payment of debts, because of the personal estate, was against the administrator, the heir, as such, merely, never being liable therefor, because of personal property derived by him from the estate. The real estate was not liable for the payment of the debts, generally, of the intestate. It descended to the heir directly, and he took it free of any claim of general creditors; but the ancestor might, by a specialty, bind the heir to the payment of a debt by expressly so declaring in the deed, and the heir was then bound to the extent of assets descended,—*i. e.*, to the extent of the value of the real estate coming from the ancestor to the heir by inheritance, for the word "assets," in this connection, always meant real estate. 1 Wheaton's Selwyn's Nisi Prius, 440; Rawle on Covenants, (2d ed.) 579; 2 Williams on Executors, (3d Am. ed.) 1271, 1436; Sheppard's Touchstone, 363; Williams on Personal Property, (3d Am. ed.) 183, *101; 4 Bacon's Abridgment, 617. But if the land was devised, the creditor had no remedy against the devisee. (Wheaton's Selwyn's Nisi Prius, and Williams on Executors, *ubi supra.*) And if the heir had *bona fide* aliened the lands which he had by descent, before an action was commenced against him, he might discharge himself by pleading that he had nothing by descent at the time of suing out the writ or filing the bill, and the obligee had no remedy at law. (Seargeant Williams' notes to *Jefferson* v. *Morton et al.* 2 Saunders, 7; 2 Atkyns, 204; 1 Comyns' Digest, 679, note f;

*Ryan* v. *Jones*, 15 Ill. 1.)    The remedy was enlarged in England by statutes of the 3d of W. & M. c. 14, and of 11 Geo. IV, and 1 Wm. IV, c. 47.    See 2 Williams on Executors, (3d Am. ed.) 1436, *1437.    These statutes, however, have never been in force here, but we have had, instead, legislation of a kindred character, to which we shall hereafter refer.

The point is made, that because, by our statute in relation to descents, personal as well as real estate is made to descend to the heir-at-law, all distinction between real and personal estate, so far as affects the present question, is obliterated, and that the common law action should therefore be held to lie in this case.    But this assumes that the liability at common law was simply because of inheritance, whereas we have seen it was because of the right recognized by the common law in the ancestor to charge his real estate, as against the heir-at-law, with the payment of a particular debt by executing a particular instrument,—namely, a specialty purporting to bind the heir.    It was assumed, that so far as there was personal property for the payment of debts, it would be applied by the administrator to that purpose.    Our Statute of Descents has been substantially as it now is, since the organization of the State government, but it has never been thought to prevent administrators taking title in trust to the personal property; and its language does not contemplate that it shall descend to, or be distributed to, the heirs-at-law, until after all just claims and debts are paid.    (See sec. 1, chap. 39, Rev. Stat. 1874.)    And so we have held that an administrator has the legal title to the personal estate of the intestate, as a trustee, for the payment of debts, but when the debts are paid the residue belongs to the heir-at-law.    *Lewis* v. *Lyons et al.* 13 Ill. 117 ;· *Makepeace* v. *Moore*, 5 Gilm. 474; *Thornton et al.* v. *Mehring*, 117 Ill. 55; *Leamon et al.* v. *McCubbin et al.* 82 id. 263.

But we have held, that "on intestacy the title to real estate is thrown, *eo instanti*, by operation of law, on the heir-at-law,

and no other person is seized thereof for any purpose, or authorized to exercise any act of ownership over it, save in the case of a guardian over the estate of his wards." (*Stone et al.* v. *Wood,* 16 Ill. 177; *Hopkins et al.* v. *McCann,* 19 id. 113.) So it would seem, the reason why, at common law, an heir could be charged in respect of real estate descending to him, but not in respect of personal property, is not affected by the statute. The title to personal property under it is as completely in the administrator, until all debts probated within the time limited for that purpose by the statute are paid, as it was at common law. And we have, accordingly, held that heirs are not, in general, liable for the debts of their ancestor, where the latter leaves personal estate sufficient to discharge all just demands against his estate. *Guy, Admr.* v. *Gericks,* 85 Ill. 428; *Hoffman et al.* v. *Wilding,* 85 id. 453; *Laughlin* v. *Heer et al.* 89 id. 119.

Moreover, it is enacted by chapter 59 of the Revised Statutes of 1874, in section 11, that "any person, his heirs, devisees, executors, administrators, successors or assigns, and every of them, who shall or may have any debts, suits or demands * * * against any person who shall die intestate and leave real estate to his heirs, to descend according to the laws of this State, may have and maintain the same actions which lie against executors and administrators, upon his bonds, specialties, contracts and agreements, against the executors or administrators and the heirs, or against the executors or administrators and the devisees, or may join the executors or administrators, the heir or heirs;" in section 12, that "when any lands, tenements or hereditaments, or any rents or profits out of the same, shall descend to any heir, or be devised to any devisee, and the personal estate of the ancestor of such heir, or devisor of such devisee, shall be insufficient to discharge the just demands against such ancestor's or devisor's estate, such heir or devisee shall be liable to the creditor of the ancestor or devisor to the full amount of the lands, tenements

or hereditaments, or rents and profits out of the same, as may descend or be devised to the said heir or devisee; and in all cases where any heir or devisee shall be liable to pay the debts of his ancestor or devisor in regard to any lands, tenements or hereditaments, or any rents or profits arising out of the same, descending or being devised to him, and shall sell, alien or make over the same before any action brought or process sued out against him, such heir-at-law or devisee shall be answerable for such debts to the value of the said lands, tenements and hereditaments, rents or profits, so by him aliened or made over;" in section 14, that "in all cases where a judgment has been obtained against the executor or administrator of a deceased person, on a contract or undertaking on which a joint action might have been maintained against the executor or administrator and the heir or devisee of the deceased person, if it shall appear by a judgment of record or the return of a proper officer that there is not property of the deceased person in the hands of the executor or administrator to satisfy such judgment, it shall be lawful to bring a separate suit or action against the heir or devisee on such contract or undertaking;" and in section 15, that "if no person shall administer on the goods and chattels of a deceased person for the space of one year after his death, a separate suit or action may be maintained against the heirs or devisees on all the contracts and undertakings of such person."

Thus the entire question of the liability of heirs and devisees for the debts of ancestors and devisors is covered by these sections, and, by a familiar rule of construction, to the extent they enlarge the common law liability it is enlarged, but no further. It is clear the present case falls within neither section.

In *Branger et al.* v. *Lucy*, 82 Ill. 91, which was a case, like the present, to charge the heir-at-law, we said: "As the heirs had not sold or aliened any part of the land, nor received any rents or profits therefrom, it was erroneous to render a personal judgment against the heirs. No other judgment could

have been rendered against them than one to be satisfied only out of the real estate which descended from their ancestor, Christian Branger."

But counsel contend that in *Dugger et al.* v. *Oglesby,* 99 Ill. 405, we held that there could be a recovery against the heir-at-law on account of personal property received by him from the ancestor's estate. There was no ruling to that effect. The judgment was reversed upon an entirely different ground. That suit, moreover, was against the administrator and the heirs-at-law. It was, among other things, objected that the claim was not filed against the estate within two years after the grant of letters of administration; but it was held, that inasmuch as the cause of action did not accrue until after the expiration of more than two years from the date of the grant of letters of administration, it was not barred by the statute. It was then also objected that the judgment was personal; and to this it was answered, that it did not appear to be true, for the judgment order finds how much personal property and real estate came to and descended to each one of the heirs. No distinction between real and personal estate, it is true, was pointed out, but there was no ruling upon that question,—the reversal, as before observed, being placed upon another ground.

*Hall* v. *Martin,* 46 N. H. 337, is cited as in opposition to the view here expressed. In that case, however, there does not seem to have been any statute, as there is here, regulating the common law remedy, and the decision can not, therefore, be pertinent.

The judgment is affirmed.

*Judgment affirmed.*