## William T. Monroe, Defendant in Error, v. Clare A. Orr et al. Gustave A. Becker, Plaintiff in Error.

### Gen. No. 22,616.

1.  DESCENT AND DISTRIBUTION, § 83*—*when inventory filed by heir of surety on bond for release of property is admissible.* In an action against the heir of a surety on a bond given to release property levied on under attachment to recover the penalty of the bond, the inventory filed by such heir as administrator of the estate of the surety setting forth the value of the latter's real estate of which he died seized, *held* to be admissible against such heir as evidence of such value and prima facie proof thereof, and also of the fact that the surety died seized of such real estate.

2.  DESCENT AND DISTRIBUTION, § 83*—*when proof of value of property of deceased is immaterial in action against heir.* In an action against the heir of a surety on a bond given to release property levied on in attachment, *held* that the value or amount of such property was immaterial, as the bond superseded the levy and operated to restore to the defendant in attachment the property.

3.  APPEAL AND ERROR, § 1256*—*when party cannot complain of instruction.* A party cannot be heard to complain of an instruction which, though faulty, minimized his liability and did not injure him.

4.  DESCENT AND DISTRIBUTION, § 83*—*when burden of proving homestead or dower interest is on heir of surety on bond.* In an action against the heir of a surety on an attachment bond given to release real property, *held* that the burden of proving a homestead or dower interest existed in the decedent's real estate was on such heir as an affirmative defense.

5.  ATTACHMENT, § 360*—*who are bound by recitals in bond for release of property.* In an action against the surety on a bond given to release property taken in attachment to recover the penalty of the bond, *held* that the recitals in the bond of the recovery, date and amount of the judgment in the attachment suit would be binding upon the parties and those claiming or defending under them, and would be sufficient proof of such facts.

6.  DESCENT AND DISTRIBUTION—*when instruction on damages in action against heir on bond is proper.* In an action against the heir of a surety on a bond given to release property taken in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

attachment, an instruction, given after retirement of the jury, directing that if they should find for the plaintiff they should find the amount of the debt to be the amount of the bond and assess damages at the amount of the judgment recited in the bond, with interest, *held* to be proper.

7. DESCENT AND DISTRIBUTION, § 84*—*when judgment in personam for amount of debt proper on plea of riens per descent.* In an action against the heir of a surety on an attachment bond given to release property to recover the penalty of the bond, where the defendant filed a plea of *riens per descent* which the proof showed to have been false, *held* that a judgment *in personam* for the amount of the debt would be proper under Rev. St. ch. 59, sec. 13 (J. & A. ¶ 5879).

8. DESCENT AND DISTRIBUTION, § 82*—*re-enactment of common-law rule of effect of plea riens per descent.* Rev. St. ch. 59, sec. 13 (J. & A. ¶ 5879) is a re-enactment of the common-law doctrine as to the effect of the plea of *riens per descent.*

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 26, 1917. · Rehearing denied April 9, 1917.

WILLIAM E. CLOYES and FRED B. MERRILLS, for plaintiff in error.

ROSENTHAL, KURZ & HOULIHAN, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action of debt upon a bond in the penalty of $12,000, given to release property levied upon under a writ of attachment at the suit of plaintiff and against the defendant Clare A. Orr. A judgment of $3,500 was recovered in the action in which the bond was given. It not having been paid and the surety, Charles Becker, having died, this suit was commenced against the principal and the heirs of Charles Becker, the surety, of whom Gustave A. Becker is one. From a recovery against him, Gustave A. Becker prosecutes

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

this writ of error and seeks a reversal of the judgment against him. Our review of the record will be confined to such matters as affect the rights of plaintiff in error.

The declaration on which the cause proceeded to judgment consisted of one count, which sought to charge plaintiff in error, Gustave A. Becker, as an heir of Charles Becker, the surety from whom he had inherited land within the State of Illinois, with a debt of his ancestor. To the declaration numerous pleas were interposed, most of which do not materially affect any right of plaintiff in error, either in law or fact. The ninth plea of *riens per descent* and the replication thereto put in issue the crucial and determining questions involved. The plea reads:

"And for a further plea defendants say *onerari non* because they have not nor did either of them have at the time of the beginning of this suit any lands, tenements or hereditaments or rents or profits out of the same by descent from said Charles Becker, in fee simple, and this they are ready to verify if they, as heirs of said Charles Becker, deceased, ought to be charged with said debt or any part thereof by virtue of said writing obligatory."

To this plaintiff replied that defendants "did have certain lands, tenements or hereditaments or rents or profits out of same by descent from said Charles Becker, as alleged in plaintiff's declaration," concluding to the country.

Before discussing the decisive questions before us, we will dispose of some technical objections raised by plaintiff in error.

There was no error in refusing to direct a verdict.

The inventory made by plaintiff in error as administrator of the estate of Charles Becker, in which he set forth the values of the real estate of which his ancestor died seized and intestate, was properly admitted, as against plaintiff in error, as evidence of such value.

It was sufficient prima facie proof as against him. It might be regarded as an admission of value made by plaintiff in error if it were necessary to make such proof. This was also sufficient proof that Charles Becker died so seized. There is no evidence in contradiction of the facts so proven.

The value or amount of property attached in the attachment suit was foreign to the inquiry, as the bond in suit superseded the levy and operated to restore to the defendant in the attachment suit the property attached.

The instruction as to the measure of damages recoverable from plaintiff in error was faulty, but as it minimized his liability and therefore did not injure him, it is error about which he cannot be heard to complain.

There was no proof that the widow had any estate of homestead or dower in the real estate of her deceased husband. If she had any, it devolved upon plaintiff in error to make such proof as an affirmative defense. However, if we are to credit *Becker v. Orr*, 243 Ill. 77, the widow never had such claims, they being barred by an antenuptial contract. Her effort to assert such rights was in the suit *supra* held abortive.

The proof of the amount due on the judgment in which the bond in suit was given was sufficient. The recitations in the bond of recovery of judgment, the date of such recovery, and the amount thereof, were binding upon the parties to the bond and those claiming or defending in their right.

The action of the court in giving the jury, after they had retired to consider of their verdict, an additional instruction to the effect that if they found for the plaintiff they should find the amount of the debt $12,-000 and assess the damages at the amount of the judgment recited in the bond, with interest thereon at five per cent. per annum from its date, was in accord with

precedent.   The measure of recovery was as in said instruction stated.

This is a common-law action, and under the pleadings and proofs is *in personam*.   The evidence establishes that the plea of *riens per descent* was false; if, in other circumstances, the action would have been *in rem*, it became, by reason of such false plea, *in personam*.   If plaintiff in error had desired to escape this condition and to have confined the recovery against him to the value of the land which descended to him from his ancestor, he should, by his pleading, have acknowledged the action and disclosed the lands, etc., which had devolved upon and descended to him from his ancestor.

Section 13 of chapter 59, Rev. St. (J. & A. ¶ 5879), is a re-enactment of the common-law doctrine as to the effect of the plea of *riens per descent*, following in this regard the Act of the British Parliament known as the 3rd and 4th of William and Mary, ch. 14.   Section 13, *supra*, provides that:

"When any action or suit is brought against any heir or devisee he may plead *riens per descent*, at the time of the commencement of the action or suit * * *; but if judgment be given against such heir or devisee, by confessing of the action without confessing the assets descending or devised, or upon demurrer, or *nihil dicit*, or default, said judgment shall be given for the plaintiff, without any writ to inquire of the lands, tenements or hereditaments, or rents and profits out of the same, so descended or devised."

In *Crocker v. Smith*, 10 Ill. App. 376, the court in construing this statute, said:

"The remedies against heirs and devisees furnished by the statute are cumulative in their character, and afford not only a means for the collection of many debts and demands against deceased persons, for the collection of which no provision existed prior thereto, but also additional means for the collection of such debts as were already, at common law, a charge upon

the heir. The purpose of the statute was not to change the common-law remedy * * *."

The bond in suit bound not only the obligors but, by its express terms, their heirs, executors and administrators, jointly and severally. As said in *Gere v. Clarke,* 6 Hill (N. Y.) 350: "At the common law, an action might be maintained against the heir when he was named in and bound by the obligation of the ancestor."

The rule as to the effect of a plea of *riens per descent* is correctly stated in 10 Encyc. Pl. & Pr. 35, thus:

"Where the heir pleads *riens per descent,* or any other plea, which is false within his own knowledge, and it is found against him, the judgment is general to recover the debt, and not special to be levied of the lands descended."

It was said in Bacon's Abr. 626:

"But, if an action of debt be brought against an heir on the obligation of his ancestor, in which he is bound, and he pleads *riens per descent,* which is found against him, the judgment shall be general to recover the debt, which he must pay out of his own pocket for his false plea."

Again, in *Jefferson v. Morton,* 2 Saunders 6, it is said:

"If he (the heir) plead a fact which he knows to be false, and it be found against him; as where he says that he has *nothing* by descent, and the jury find that he has *something,* however small it may be, and insufficient to discharge the debt, the plaintiff is entitled to a general judgment for the debt, damages, and costs, and to sue out the like execution against him as on a judgment for his own debt; and therefore the plaintiff may have a *capias ad satisfaciendum, fieri facias,* or an *elegit* for a moiety of all the lands which the heir is seized of whether by descent or otherwise." (Citing cases.)

*Roosevelt v. Fulton's Heirs,* 7 Cow. (N. Y.) 71, is to a like effect.

In *Ryan v. Jones,* 15 Ill. 3, cited by plaintiff in error, in discussing the effect of the statute last quoted regarding the plea of *riens per descent,* where, as in this case, the plea denied that any lands descended from an ancestor, the court said:

"In these cases, the judgment is general against the heirs or devisees, as for their own debt, without reference to assets. But if the heirs or devisees acknowledge the action, and show the assets descended or devised to them, the judgment will be special to the extent of those assets only."

That lands descended to plaintiff in error on the intestacy of his ancestor is proven by his own testimony, and as the judgment is rightfully *in personam,* it is immaterial whether the "Arsenal Island" land was located in Illinois or elsewhere.

The replication to the plea of *riens per descent* was according to the course of the common law and not the statute, and, with the issue thus joined, it was not necessary to inquire as to the value of the land descended, the penalty for the false plea being a judgment *in personam* for the amount of damages assessable for the ancestor's debt. We hold that that part of section 13, ch. 59 (J. & A. ¶ 5879), *supra,* which reads: "But if judgment be given against such heir or devisee, by confessing of the action without confessing the assets descending or devised, or upon demurrer, or *nihil dicit,* or default, said judgment shall be given for the plaintiff, without any writ to inquire of the lands, tenements or hereditaments, or rents and profits out of the same, so descended or devised," warranted the *in personam* judgment found in this record.

Nothing in *People v. Brooks,* 123 Ill. 246, militates against this conclusion, but in one aspect of the case supports it.

There being no reversible error in this record, the judgment of the Circuit Court is affirmed.

*Affirmed.*