## Edwin G. Allen, Executor of the Estate of George C. Wagner, Deceased, Appellant, v. Mabel C. Lipscomb, Appellee.

### Gen. No. 25,954.

1. DESCENT AND DISTRIBUTION—*when judgment for defendant proper in action against devisee.* Where a widow was sued, solely in her capacity as devisee of certain real estate under the will of her husband, upon a promissory note signed by both the husband and wife, judgment was properly rendered for defendant where plaintiff's statement of claim failed to show, as required by the statute of frauds, as reasons for not joining the personal representative, that judgment had been obtained against the personal representative and that there were no assets in his hands for payment or that the estate had not been administered on within one year from the death of the testator.

2. DESCENT AND DISTRIBUTION—*necessity for action against personal representative before suing devisee.* The fact that it would be useless to bring a suit against the executor of an estate because no personal estate was left does not authorize a separate suit against the devisee of real estate without first complying with the requirements of the statute of frauds.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed June 3, 1921. Rehearing denied June 17, 1921.

VAIL & VAIL, for appellant.

FANNIE A. BIVANS and CORINNE L. RICE, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This action is predicated upon an unpaid note for $2,000, payable to plaintiff's intestate, one Wagner, and signed by both N. M. Lipscomb, and his wife Mabel. She was also the executrix of her husband's estate but, as the case stands, is made defendant solely in her capacity as devisee of certain real estate under the will of her husband.

The statement of claim, as finally adopted, sets forth the probating of the respective estates, the relation thereto of each of the parties to the suit, the note in question, that it remains unpaid, that N. M. Lipscomb died possessed of no personal property and by his will devised to Mabel C. Lipscomb, the defendant, certain described real estate inventoried and valued at $6,000. Defendant's affidavit of merits practically admits these allegations, and avers in addition that she as executrix of Lipscomb's estate gave due notice to all persons having claims against the same, that said note was never presented as a claim against the estate, and that she was discharged as executrix at a date which was prior to the institution of this suit.

A judgment of *nil capiat* and for costs was entered on a verdict against the plaintiff, who moved for a judgment *non obstante veredicto,* and also for a new trial. The overruling of each of these motions is assigned as error.

In support of the motion for judgment *non obstante veredicto* appellant urges that the affidavit of merits states no defense. On the other hand, appellee urges that the statement of claim states no cause of action, in that it does not set forth the requirements of the statute of frauds and perjuries under which a separate suit against the devisee can be maintained, citing the cases of *Ryan v. Jones,* 15 Ill. 1, and *Hoffman v. Wilding,* 85 Ill. 454.

We think these cases are controlling. As stated therein, at the common law a devisee was not liable for the debts of the testator even in respect to lands devised, and the statute in question was passed to enable the creditor of a deceased person to reach lands in the hands of the heir or devisee, where the personal estate is not sufficient for the payment of the debts. As construed in those cases, section 12 of the Statute (J. & A. ¶ 5878) merely fixes the liability of the heir or devisee in certain cases, while sections 14 and 15 (J. &

A. ¶¶ 5880, 5881) prescribe the conditions under which a separate suit may be brought against him. Section 16 (J. & A. ¶ 5882) requires that in a separate suit such provisions shall be distinctly set forth in the declaration. In those decisions the court expressly pointed out the "two cases" in which the personal representative need not be joined, (1) "where a judgment has been obtained against the personal representative, and there are no assets in his hands for its payment," and (2) "where the estate is not administered on within one year from the death of the testator or intestate." The statement of claim states neither of these conditions. While it may be true, as stated in appellant's brief, that it would be useless to bring a suit against the executor where it appears the testator left no personal estate, yet the statute, which is in derogation of the common law and therefore must be strictly construed, does not, because of that fact, authorize a separate suit against the devisee. As, therefore, plaintiff's statement of claim states neither of the conditions under which a devisee may be sued separately, it does not state a cause of action, and hence no judgment in his favor could stand thereon.

This view of the case obviates the necessity of discussing other points presented and calls for an affirmance of the judgment.

*Affirmed.*

Gridley and Matchett, JJ., concur.