## C. W. Durflinger, Appellee, v. Mary E. Arnold et al., Appellants.

### Gen. No. 8,024.

1. ESTATES OF DECEDENTS—*liability of devisee for debts of testator.* Under Cahill's St. ch. 59, ¶¶ 11 and 12, as against existing creditors of the devisor every devise of realty is fraudulent in law, if not in intent, and the devisee is liable for such debt to the extent of his share in the realty if the creditor brings action against him before he has aliened the share, and in case the devisor's personal estate should be insufficient to pay his debts, the devisee is also liable personally for such share of the debt after aliening his share of devisor's realty.

2. ESTATES OF DECEDENTS—*inapplicability of limitation of time for filing claim where devise is fraudulent.* Cahill's St. ch. 3, ¶ 71, barring claims against an estate not filed within a year, does not apply to the claim of a creditor of a testator devising his property in fraud of such claim, in case the testator's personalty was insufficient to satisfy the debts against his estate, but the creditor may proceed after the time of said bar to collect his claim from the realty in the hands of the devisees or in case they have aliened the same from them personally as provided by Cahill's St. ch. 59, ¶ 12.

Appeal by defendants from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed April 22, 1927.

STONE & TAYLOR and OGLEVEE & FRANKLIN, for appellants.

ADLAI H. RUST, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case an appeal is prosecuted from a judgment rendered in the circuit court of McLean county in favor of the appellee, C. W. Durflinger, for the sum of $2,468.60 against the appellants, Charles Frank Arnold, Imo M. Mathers, Ruby I. Fossett, Bernice R. Richardson and Grace E. Arnold, as devisees of the

estate of Joseph Arnold, deceased. The right to re-
cover the judgment is based on the provisions of sec-
tions 11 and 12 of the Act of Frauds and Perjuries,
ch. 59 of the Revised Statutes, Cahill's St. ch. 59, ¶¶ 11,
12. The facts relied on as a ground of recovery are
stipulated by the parties. It appears from the stipula-
tion that Joseph Arnold, deceased, jointly with Thomas
Arnold, on March 1, 1920, for value received, made and
delivered a judgment note to the appellee, C. W. Dur-
flinger, for the sum of $2,000, which was payable to the
order of the appellee, with interest at the rate of 7 per
cent per annum from the date thereof. Joseph Arnold
died testate January 17, 1922, leaving a last will and
testament, which was admitted to probate in the county
court of McLean county on February 8, 1922. The will
provides that after the payment of the debts, the use
benefit and income of all his estate and property shall
go to his wife, Mary E. Arnold, during her lifetime.
Subject to the provision in favor of his wife, he de-
vised all of his estate and property to his five children,
Charles Frank Arnold, Imo M. Mathers, Ruby I. Fos-
sett, Bernice I. Arnold and Grace E. Arnold, who are
the appellants herein, Bernice I. Arnold named in the
will being now Bernice R. Richardson. C. S. Arnold
was duly appointed administrator of the estate with
the will annexed, on the 8th day of February, 1922,
and qualified as such, and fixed upon the April term,
1922, of the county court of McLean county for the
adjustment of claims against the estate, and gave
notice thereof by publishing and posting in the manner
required by the statute. That the testator at the time
of his death was the owner of personal property and
real estate; that the personal property which he had
at the time of his death consisted of cash in the bank
amounting to the sum of $161.34, and he had other
miscellaneous property of the value of $2501.10, all of
which personal property was turned over and delivered
to Mary E. Arnold, the widow of the testator, as and

for her widow's award; that the real estate of which the testator died seized consisted of 320 acres of land in McLean county of the value of $200 per acre, which was incumbered at the time of testator's death by mortgages amounting to $20,000; that between February 8, 1922, the date of the granting of letters of administration, and February 26, 1923, the date of the final report and discharge of the administrator, the administrator collected from rents of the land which the testator owned at the time of his death, and from money advanced by the devisees and heirs of the deceased testator, the sum of $43,138.17, all of which was used by the administrator to pay claims filed against the estate of the testator, and to discharge the mortgages against the real estate above mentioned; that on February 27, 1923, the administrator made his final report to the probate court of McLean county, showing the receipt of the personal property mentioned, and the sums of money received from rents, and by advancement from the devisees of the testator, and showing the transfer of said property to the widow for her widow's award, and the disbursements of all the sums received by him from rents and advancements in payment of claims filed against the estate of the testator, and of the mortgages and taxes which were liens upon the land of the testator; and that upon the same date an order was entered approving final report and discharging the administrator with the will annexed; that the appellee herein did not at any time file a claim against the estate of the testator; that claims were filed and allowed against the estate of the testator in the sum of $20,945.03; that after February 27, 1923, the date of the filing of his final report, no assets of any nature whatsoever came into the hands of the administrator with the will annexed; that this suit was filed on October 19, 1925; and that after the filing thereof on the 19th day of January, 1926, C. S. Arnold, the administrator mentioned, died;

that in June, 1926, following, Maurice B. Stern was appointed administrator *de bonis non* with the will annexed of the estate of the testator, but that no assets of any kind whatsoever have come into the hands of the administrator *de bonis non;* that C. S. Arnold, administrator with the will annexed did not pay anything to the appellee herein at the time he made distribution of the sum of $48,138.17 before mentioned; that upon the death of the testator, Mary E. Arnold his widow went into possession of the real estate devised to her for life and received all the rents and profits therefrom until the date of her death, except the rents to February 27, 1923; and that upon her death the five children mentioned in the will of the testator as devisees, who are the appellants herein, went into possession of said real estate of which the testator died seized, and received all the rents and profits therefrom until March 1, 1926, at which time a sale of real estate was made by said children and devisees at a price greater than the value of the land at the time of the death of the testator.

Section 11 of chapter 59 of the Revised Statutes, entitled Frauds and Perjuries, Cahill's St. ch. 59, ¶ 11, provides that any person who has any debt or demand against any devisor may have and maintain the same action against the executor and devisees as lies against executors and administrators upon the bonds and specialties of the devisor, and section 12, Cahill's St. ch. 59, ¶ 12, provides that when any lands shall be devised to any devisee, and the personal estate of the devisor of such devisee shall be insufficient to discharge the just demands against such devisor's estate, such devisee shall be liable to the creditor of the devisor to the full amount of the lands which were devised to said devisee.

With reference to the right of the appellee to recover from the devisees the amount of the indebtedness due him from the testator under the sections of the

statute referred to, where the personal estate of the testator is insufficient to discharge the just demands against the devisor's estate, as is disclosed by the stipulation of facts herein, the Supreme Court held in *Ryan v. Jones,* 15 Ill. 1: "At the common law, a devisee was not liable for the debts of the testator even in respect of lands devised. Nor was an heir liable for the debts of the ancestor, in respect of lands descended, except in particular cases; such as debts due on specialties, in which the ancestor expressly bound the heirs; and on judgments recovered against the ancestor, and recognizances acknowledged by him. And where the heir aliened the lands before suit brought, the creditor was without remedy against him. 2 Williams on Executors 1201; Browne on Actions at Law 253; 1 Cruise's Digest 67. The statute in question was passed to obviate these inconveniences, and enable the creditor of a deceased person to reach the lands in the hands of the heir or devisee, where the personal estate is not sufficient for the payment of the debts. Every devise of real estate is made fraudulent and void, as against the existing creditors of the devisor. It is fraudulent in law, without regard to the question of intention. The devisee has no just claim to the lands, until the debts of the testator are fully discharged. Nor has the heir any superior right in the lands of his ancestor. They both acquire the lands subject to the payment of the debts of the former owner. They are only entitled to the surplus that may remain after those debts are discharged. If the creditor cannot obtain satisfaction of his debt from the personal estate, he may resort to the real estate in the hands of the heirs or devisees; and in case of a *bona fide* alienation of the same before suit brought, he may charge them personally with its value." The law stated in the case referred to has been repeatedly emphasized and followed in a number of cases in the Supreme and Appellate Courts. *Hoffman v. Wilding,* 85 Ill. 453; *Guy v. Gericks,* 85 Ill. 428;

*Campbell v. Potter,* 147 Ill. 576; *People v. Brooks,* 123 Ill. 246; *McLean v. McBean,* 74 Ill. 134; *Branger v. Lucy,* 82 Ill. 91; *Schopper v. Hildebrandt,* 14 Ill. App. 353; *Van Vuren v. Longstreet,* 108 Ill. App. 159; *Allen v. Lipscomb,* 221 Ill. App. 150; *Straus Bros. Co. v. Rush,* 241 Ill. App. 216.

It is contended that inasmuch as the appellee did not present his claim against the estate of the testator within the time required by section 70 of the Administration Act, Cahill's St. ch. 3, ¶ 71, which requires that demands against estates of deceased persons must be exhibited within two years from the grant of letters of administration, the claim is barred, and a number of cases are cited in which the limitation referred to has been held to bar claims not exhibited or presented as required by the section of the Administration Act referred to. None of these cases however involve the question that is here presented, namely, where there was a deficiency in the personal estate, or where the personal estate was insufficient in value to pay the claims against the estate administered upon. Special emphasis is laid by the appellants upon the recent case of *Beebe v. Kirkpatrick,* 321 Ill. 618, in which the court uses this express language: "Not having filed her claim within the time prescribed by law she is barred from pursuing the assets, real or personal, into the hands of the heirs, devisees or legatees. The law having given a remedy in such case it must be pursued." The *Beebe* case, however, clearly discloses that the language used is intended to apply to cases where the personal estate of a deceased person is sufficient to pay the indebtedness and claims against such estate, and does not apply to bar a right to recover under sections 11 and 12 of the Frauds and Perjuries Act, Cahill's St. ch. 59, ¶¶ 11, 12, where there is a deficiency of personal assets. This is made clear in that part of the opinion where the court says: "The bill in this case was not framed upon the theory that there was a de-

ficiency of personal assets in the estate of Henry S. Dooley to pay the debts of the deceased, as the bill alleges that all the assets and property of which Dooley died seized had been disposed of and divided between the widow and the plaintiffs in error by the administrator, and that each of the plaintiffs in error had received assets and property of the estate in an amount greatly in excess of the amount due upon the notes in question, and the evidence in the case shows that the widow and plaintiffs in error each received from the personal estate of the deceased, after the payment of all claims which had been allowed against the estate, the sum of $1578.69.''

We conclude therefore that under the facts stipulated, the appellee had a right to recover from the appellants as devisees of the testator the amount of the debt due him from the deceased as fixed by the judgment rendered against them, and the judgment is therefore affirmed.

*Judgment affirmed.*