Thorp
v.
Faulkner.

THORP *against* FAULKNER manucaptor of REYNOLDS.

Bail who are excepted to, and do not justify, cease to be bail; And an agreement between the parties to waive the exception, filing a declaration in chief, and going on to judgment, are no reasons against ordering an *exoneretur.*

THE defendant became special bail for Reynolds, on the 26th May, 1821, at the suit of Thorp. The bail piece was filed the 29th of May, and on the 31st the plaintiff's attorney entered an exception thereon. No notice of the exception was ever given to the bail, nor did he know anything of it, until about five months after it was entered. No waiver of the exception had ever been entered upon the bail piece; but the attorneys of Thorp and Reynolds, had agreed orally to waive the exception. A declaration was filed in chief, ( not *de bene esse,*) in consequence of this agreement; the cause proceeded to judgment; a *ca. sa.* had been returned *non est,* &c., and the defendant sued as special bail, by *capias,* returnable at this term.

*J. Hamilton* moved for a rule to enter an *exoneretur* on the bail piece, and cited *Flack* v. *Eager,* (4 John. 185,) *Livingston* v. *Bartle,* (id. 478,) *Aylett* v. *Hartford,* (2 Bl. Rep. 1317,) and *Ex parte Wright,* (2 Ves. Jun. 9.)

*S. M. Hopkins,* contra, cited *Humphrey* v. *Leite,* (4 Burr. 2107, and 1 Archb. 83,) and contended that bail are not discharged by an exception, unless it is followed by a substitution of other bail. In *Flack* v. *Eager,* the declaration was filed *de bene esse.*

*Curia.* We think this case clearly within the principle of *Flack* v. *Eager;* and in *The People* v. *Judges of Onondaga,* (1 Cowen, 54, 56,) the Court say, that if bail who are excepted to, do not justify within the time allowed by the rules of the Court, they cease to be bail; and the plaintiff cannot hold them by waiving the exception, even where there is no surprise.

Motion granted.