### THE PEOPLE, *ex. rel.* WORKS, *against* THE JUDGES OF THE COURT OF COMMON PLEAS of the County of ONONDAGA.

If bail do not justify within the time allowed by the rules of the Court, they cease to be bail, and plaintiff cannot hold them by giving notice that he waives the exception. And this Court will, in such a case, where the bail are sued in a Court of Common Pleas, grant a *mandamus*, commanding the Court below to order an *exonerteur* to be entered upon the bail piece, and to set aside the proceedings in the suit against the bail.

C. P. KIRKLAND, shewed cause, why a *mandamus* should not issue, requiring the Judges, &c. of *Onondaga* County to order an *exoneretur* entered upon a bail piece, wherein *Works* had become special bail for *Rust*, at the suit of *Frothingham & Fort*, in the Common Pleas of *Onondaga*, and to set aside the proceedings in a suit against the bail.

The bail piece was filed *March 1st*, 1822 ; an *exception* endorsed thereon the 9*th* day of the same month, against the bail, and notice thereof served the same day. The plaintiffs declared *de bene esse*, and afterwards, on being indemnified against the insufficiency of *Works*, as bail, they gave notice to *Rust's* attorney that they *waived the exception* and received a plea, proceeded to judgment and execution, and sued the bail, who never *justified*, upon the recognizance : and the Common Pleas had, on motion, *refused* to order an *exoneretur*, and to set aside the proceedings in the suit against the bail.

*Kirkland,* said that this Court would not interfere with mere questions of practice in the Courts of Common Pleas. That each of these Courts had rules of practice peculiar to themselves, into the propriety of which, the Supreme Court would not inquire. He referred to *Lee* v. *Oxenden,* (*Skinn.* 290,) and *Lee's case,* (*Carth.* 169,) where the King's Bench refused to interfere, by *mandamus,* to restore a *Proctor* of Doctor's Commons, who complained that he had been improperly removed from practising there, by the Dean of the Arches. This was upon the ground of its being a matter, properly, and only cognizable, in the Ecclesiastical Court. (*Carth.* 170.) In *Burtus* v. *M'Carty,* (13 *John.* 424,) the Supreme Court say, " each Court has its own rules of practice as to proceedings against bail, and it would be inconvenient for this Court to be inquiring into the rules of practice of the different Courts of Common Pleas." According to this reasoning, these rules of practice are mere matters of discretion ; and this case comes within the doctrine held by the Supreme Court, in *Hull* v. *Supervisors of Oneida,* (19 *John.* 262,) viz. that where the inferiour tribunal has a *discretion,* and proceeds to exercise it, this Court have no jurisdiction to *control* that discretion by *mandamus.* In the exercise of this discretion, the *Onondaga* Common Pleas have adopted the practice of the Court of Common Pleas in *England,* instead of that which prevails in this Court. The case of *Bramwell* v. *Farmer,* (1 *Taunt.* 427,) shows the English practice in the C. P. to be settled, that an *exception,* though the bail never justify, will not *per se* warrant the Court in ordering an *exoneretur.* He also referred to *Fulke* v. *Bourke,* (1 *Bl. Rep.* 462,) as showing the same practice ;(*a*) also to *Imp. C. P.* 193 ; *Tidd,* 225, and *The King* v. *The Sheriff of Essex,* (5 *T. R.* 633.)

*J. Griffin,* contra, said the case of *Flack* v. *Eager et al.* (4 *John.* 185,) is in point. And shows that an *exception* against bail, who do not justify, discharges them. He also referred to the case of *Humphry* v. *Leite,* (4 *Burr.* 2107,)

(*a*) And vid. *Wilson et al.* v. *Lafortune, Barnes,* 104. *Waller* v. *Green et cl. Sayre,* 308.

which shows the practice of the English K. B. to be the same. This Court will not presume that the *Onondaga* Common Pleas have a rule of practice in this particular, conformable to that of the English Common Pleas. Nothing of this appears from the affidavits ; and it would be in time, to decide whether they could pass a rule of practice differing from the one which prevails in this Court, when it is found that such a rule is made.

*Kirkland.* In *Flack* v. *Eager*, there was no notice given that the *exception* was waived. Here it is otherwise.

*Curia.* If special bail do not justify within the time allowed by the rules of the Court, they cease to be bail. The plaintiffs cannot then hold them by waiving the *exception*, even where there is no surprize. The Court below, therefore, erred in refusing to order the entry of an *exoneretur*, and to set aside the proceedings against the bail.

Rule for *mandamus*, absolute.