ALBANY,<br>Feb. 1833.<br>Lawrence<br>v.<br>Graham.

---

## LAWRENCE *vs.* GRAHAM.

A defendant surrendered by his bail is not entitled to be discharged from imprisonment, on the ground that the plaintiff had given *notice of exception* to the bail, where no exception had in fact been entered on the bail piece.

Such notice, *it seems*, would have discharged the bail ; but the bail not having availed himself of the right to a discharge growing out of the exception, the defendant can claim no advantage under it.

THE defendant having been surrendered by his bail after verdict, he now applies to be discharged from imprisonment, on the grounds, 1. That the capias having been served by a special deputy, the sheriff could not have been compelled to put in special bail ; 2. That after bail was put in, the plaintiff gave notice to the defendant that he had excepted to the bail ; and 3. That the plaintiff had declared for a different cause of action from that specified in the *ac etiam* of the writ. In answer to which it was shown that although *notice of exception* was given, no exception had in fact been entered on the bail piece, and that the plaintiff subsequently waived the exception ; so also it appeared that although a declaration was delivered originally in a different action from that specified in the writ, that subsequently, by the assent of the defendant, the plaintiff had declared in the right action.

February 21.

*By the Court,* SAVAGE, Ch. J.    It has been decided in *De-moranda* v. *Dunkin,* 4 *T. R.* 719, that the plaintiff could not rule the sheriff to return a *ca. sa.* which had been executed by a special bailiff, appointed at the request of the plaintiff's agents, and who had suffered an escape.    Buller, justice, said that it had been repeatedly held that if a special bailiff be appointed on the nomination of the plaintiff, the latter must take the consequence of the acts of the former.    The court had considered them as the acts of the plaintiff himself, and had refused to call on the sheriff to return the writ in such cases. But no application to return the writ is made in this case ; the special deputy, it is presumed, did his duty, arrested the defendant and took a bail bond ; and the bail to the sheriff became special bail.    Had no special bail been entered, or no bail bond been taken by the special deputy, the question might have arisen upon a motion against the sheriff to bring in the body.    In this case special bail was regularly enter- ed, and no such question can arise ; a bail bond was regu- larly taken, and beyond all doubt an action would have lain upon it, if the condition had been broken.

When bail are excepted to by an exception entered up- on the bail piece, the bail are discharged unless they justi- fy, even though the exception be orally waived.    4 *Johns. R.* 185.   1 *Cowen,* 54.   2 *id.* 514.    In these cases the ques- tion arose between the plaintiff and the bail, and the court held the bail discharged.    The contract of the bail is be- tween him and the plaintiff, and the defendant in the action has no power or control over it.    Any waiver or agreement to waive an exception must be between the plaintiff and bail, and between them it would be valid.    Here the bail raises no question ; he asks no relief, nor does the plaintiff seek any remedy against him.    The bail admitted his liability by mak- ing the surrender, and though the plaintiff might not have re- covered in a suit against the bail, yet the bail, I apprehend, is not bound to interpose the defence.    If he does not choose to do so, the principal cannot set it up ; as between them, the bail had authority to make the surrender.    These remarks proceed upon the ground that the bail was exonerated at his election. The cases where an exception was held to discharge the bail

were those where the exception was entered upon the bail piece; but here a notice only had been given, and was it not competent for the party giving a notice to waive it by parol? In answer to this view of the cause, the case of *Nichols* v. *Sutfin*, 7 *Cowen*, 422, has been cited. There the plaintiff proceeded upon receiving notice of bail, and perfected his judgment and sued the bail, though the bail piece in fact had not been filed; it had been acknowledged and left with the defendant's attorney to file, but he had forgotten it. The plaintiff's proceedings were held regular, as if bail had been actually filed, and the bail piece was ordered to be filed *nunc pro tunc*, but the bail had leave to surrender. This case shows that a party is concluded by his own notice, and cannot dispute the fact which his notice had asserted to be true; and, applied to this case, would place it upon the same footing, as regards the bail, as if the exception was entered; but still, I apprehend the bail alone can avail himself of that defence.

The same remark is applicable to the other point. It is true, that if the plaintiff declare for a different cause of action from that expressed in the writ, the bail will be discharged; but that discharge will only be granted on motion made for that cause at the time. 4 *Cowen*, 426. 2 *Bos. & Pul.* 358. 2 *H. Black.* 278. Here no motion of that kind was made, and the declaration was amended so as to correspond with the writ.

I am of opinion that the defendant cannot avail himself of the objection growing out of the notice of exception to the bail; that the bail alone can make the objection, and that he having waived by his acts the objections existing in the case, the motion by the defendant must be denied.