THE PEOPLE, *ex relatione* Boyden and others, *vs.* THE SUPERIOR COURT OF THE CITY OF NEW-YORK.

After exception to special bail, the plaintiff may *waive* such exception without requiring a justification, provided the waiver be before the expiration of the time for justification.

SPECIAL BAIL. The superior court of the city of New-York ordered an *exoneretur* to be endorsed on a bail piece under these circumstances : On the 15th January a declaration was served *de bene esse*, in a suit commenced by the relators by *capias*. On the 25th January special bail was put in, and notice thereof given to the plaintiffs' attorney, who on the next day excepted to the bail, and gave notice of exception. On receiving notice of exception, the attorney for the defendant applied to the plaintiffs' attorney to withdraw the exception, who agreed to do so if his clients would consent, and shortly thereafter (*previous to the expiration of the time for justification*) served a *notice, in writing* upon the defendant's attorney *waiving* the exception, and informing him that a plea would be received. The defendant not putting in a plea, his default was entered, and judgment perfected. Subsequently the exception on the bail piece was erased, and a suit commenced on the recognizance of bail. The superior court set aside the proceedings against the bail, and directed an *exoneretur* to be endorsed on the bail piece.

*T. Sedgwick, jun.* moved for a *mandamus* requiring a vacatur of the order directing the endorsement of the exoneretur, and in support of his motion cited 1 *Taunton,* 426. He admitted that there were several cases in our books where the practice seemed to have been held in conformity to that of the superior court, but insisted that the decision in *Taunton* ought to be followed. The exception to the sufficiency of bail is allowed for the security of the plaintiff in the action ; its effect is destroyed by a justification ; and if the plaintiff in an action after excep-

tion become satisfied with the sufficiency of the bail, he could not perceive any reason why he should not be permitted to say so without requiring a justification.

*M. T. Reynolds,* contra.

*By the Court,* NELSON, Ch. J. In *Flack* v. *Eager,* 4 *Johns. R.* 185, the proceedings against the bail were set aside, and an exoneretur ordered ; but there the exception had never been waived, or erased. In *The People* v. *Judges of Onondaga,* 1 *Cowen,* 54, after the exception, the plaintiffs being indemnified against the insufficiency of the bail, served notice of waiver, received a plea, and proceeded to judgment. The common pleas refused to order an exoneretur, and this court compelled them to make such order. It does not appear whether the notice of waiver was *after* the time for justification or not. The opinion, however, seems to be placed upon that ground. The court say, if special bail do not justify within the time allowed by the rules, they cease to be bail. The plaintiffs cannot *then* hold them by waiving the exception. In *Thorp* v. *Faulkner,* 2 *Cowen,* 514, after the exception, the attorneys for both parties agreed by *parol* to waive it, and to proceed in the case. The court ordered an exoneretur, putting the decision principally upon *The People* v. *The Judges of Onondaga.* It does not appear here, whether the waiver was after the time for justification or not. I infer, however, that it was.

It is well settled that the bail cease and are to be deemed out of court, if they do not justify within the time allowed ; and *after* this, it may well be that the plaintiff cannot waive the exception, and that even the attorneys cannot do so without the assent of the bail, 9 *Wendell,* 478 ; their contract is at an end. But if the *waiver* takes place *before* the time for justification has expired, I am unable to discover any reason against giving it effect, either in respect to the bail themselves or their principals ; nor can I find any case deciding the contrary. Indeed, it is settled, that serving a declaration in chief after exception,

St. John v. Holmes.

operates *per se* as a waiver of it; if this act of the party indirectly operates as a waiver, why should not effect be given to an express waiver? Notice of exception must be in *writing*, and it may well be that a *parol waiver* would be insufficient.

Understanding the cases as above explained, as at present advised, I think the alternative writ should issue.