JOHN A. FREELAND, Executor, etc., Plaintiff in Error, *v.* LEMUEL T. DAZEY *et al.,* Defendants in Error.

### ERROR TO MOULTRIE.

Courts of chancery may take administration of estates, and supersede the jurisdiction of the probate court, in extraordinary cases, where proper reasons exist; and when it does so, it will take entire cognizance of the administration.

THIS is a suit in chancery, from the Moultrie Circuit Court, filed by Lemuel T. Dazey, Jacob Black and Elizabeth D. Black, his wife, Nancy E. Dazey, by her guardian, and George R. Foster.

The said Lemuel T. Dazey and Elizabeth Black, were children of Jenettian Dazey, deceased.   Nancy E. Dazey was his grandchild, and Foster a creditor.   The bill charges that Jenettian Dazey died possessed of considerable personal estate, having made a will, dated November 25th, A. D. 1853, and that by said will, among other bequests, he gave " to his son, Lemuel T. Dazey, $400, after his estate should be settled and debts paid, and that the remainder should be divided among his lawful heirs," and that he appointed John A. Freeland his executor, who took out letters 19th December, 1853, and possessed himself of many notes and effects, amounting to $5,887.81, which were inventoried, and $2,000, which he neglected to inventory, and which were more than sufficient to pay the debts, etc., of the estate. That complainants, except Foster and Jacob Black, were the only heirs of deceased at the time of his death, and were entitled to an equal division of the personal estate after its settlement and payment of debts.   That they have made frequent application to the executor, who is made defendant, to settle said estate and make a division, but that he never made any settlement until 15th November, 1856, and then only a partial settlement, and then had sufficient means to pay all debts and leave a large surplus to be divided among them.   That by neglecting to file an inventory the estate has been wasted.

That said Jenettian Dazey, deceased, was indebted to said Foster more than $1,600 by note.

That defendant has neglected and refused to settle the estate, pretending that he had not assets enough to pay debts, etc.

The complainants therefore pray that defendant may answer, (oath not being waived) and that an account may be taken of the assets in hands of defendant, and that the same may be applied in a due course of administration, and the clear residue and remainder may be ascertained and divided.

With the bill are filed a copy of the will, and exhibits from the office of the county clerk of Moultrie county, showing an inventory filed April 1st, 1854, of effects amounting to $5,912.21½, and an account current, filed December 15th, 1856, showing amount of debts paid to date, $3,551.08.   Also a list of claims allowed against the estate at different times, amounting to $4,618.31, including claim due said Foster under date of June 16th, 1856, amounting to $1,626.42.

At the May term, 1858, defendant filed his demurrer, and at same term a rule was entered against defendant to answer in ninety days, without having disposed of the demurrer.

At the October term, defendant filed his answer under oath, admitting death of Jenettian Dazey, heirship, etc., of complainants, and that as executor, he possessed himself of moneys,

notes and effects, amounting to $5,909.46, which were duly inventoried, and denies that there were any assets not inventoried, and denies that the assets were sufficient to pay debts, etc., and charges that Lemuel T. Dazey and Elizabeth D. Black are largely indebted to the estate, and have hindered the defendant in settling the estate by refusing to pay the claims against them, and in other ways, and denies that assets have been wasted, but that he sold the personal property as soon as was consistent with the interests of the estate, and collected the money without delay.

He admits that Foster is a creditor, but that his claim was not filed until June 16th, 1856, and after the available means had been nearly exhausted in payment of other claims. He denies that he has refused to make an account, or settle up the estate, and files an exhibit of the assets.

The bill was dismissed by complainants as to Jacob Black and Elizabeth D. Black, and cause was referred to the master in chancery.

Witnesses were examined before the master, and it was agreed by the parties as stated in the report, that the original receipts and inventory, and other original papers connected with the Dazey estate, or filed in the probate court, may be used as evidence in the Circuit Court. By which papers it appeared that at the May term, 1859, of said probate court, said defendant filed his account of assets of the estate, amounting to $6,181.36, and of payments amounting to $5,821.59, which account was allowed and approved. That among the assets were claims amounting to $391, which were doubtful and desperate. That there was due to creditors $1,385.43, and due to the estate only $560.27, including a claim against complainant, Lemuel T. Dazey, of $244.37, being a balance against the estate of $825.16.

At the March term, 1860, of the Moultrie Circuit Court, a decree was rendered, requiring the defendant to pay said Foster $1,626.42, with six per cent. interest thereon, from 11th day of June, 1856, deducting the amount paid since the commencement of the suit, and that he pay the other complainants $160, and that defendant pay his own costs and one-half of the costs before the master, and that execution issue for the same.

This case was submitted *ex parte.*

J. C. CONKLING, for Plaintiff in Error.

CATON, C. J. We will not question that the court of chancery may, in the exercise of its general jurisdiction, take upon itself the administration of estates, and thus, in the particular case,

supersede the jurisdiction of the probate court. In doing this, it will take the whole administration into its own hands, and administer according to the rules laid down in the statute of wills, modified, possibly, in some cases by the principles. of equity. It cannot interfere with the probate court in the settlement of an estate without taking cognizance of the whole administration.

But the court of chancery will not exercise this jurisdiction except in extraordinary cases, where some special reasons are shown to exist why the administration should be withdrawn from the probate court. No such reasons are shown to exist in this case. No reason is assigned why the ordinary powers of the probate court are not adequate to the protection and enforcement of every right which is shown to exist in either of the complainants.

The decree of the court below is reversed, and the bill dismissed.

*Decree reversed.*