## NEW YORK COMMON PLEAS.

### McIntyre agt. Borst.

Where a *surety* signs an undertaking in an action of *claim and delivery of personal property*, and his sufficiency as bail is excepted to, and he fails to justify, and after the period allowed for the justification has elapsed, and after another surety has been substituted, the plaintiff's attorney *countermands the exception*, the first surety, notwithstanding the countermand, is not liable.

*New York General Term, February*, 1864.
DALY, BRADY and HILTON, *judges.*
APPEAL from a judgment against the defendant as surety.

By the court, BRADY, J. The defendant Borst signed an undertaking in an action of claim and delivery on behalf of the plaintiff in the action. His sufficiency was excepted to. He was examined and rejected, but the plaintiff's attorney, after the period allowed for the justification had elapsed, and after another surety had been substituted, countermanded the exception. The question which arises upon these facts is, whether this defendant is liable upon that undertaking. The rule is well settled that if bail do not justify within the time allowed by the rules of the court, they cease to be bail, and the plaintiff cannot hold them by giving notice that he waives the exception. (*Flack* agt. *Eager et al.*, 4 *Johns.* 185; *The People* agt. *Judges of Onondaga*, 1 *Cowen*, 54; *Thorp* agt. *Faulkner*, 2 *Cowen*, 514; *Lawrence* agt. *Graham*, 9 *Wend.* 477.) It is otherwise if the notice of waiver be served before the period for justification has expired. (*The People* agt. *Superior Court, New York*, 20 *Wend.* 607.)

In *Van Dyne* agt. *Coope*, (1 *Hill*, 557), it was decided, however, that this doctrine did not apply to the sureties on a replevin bond under the statute. No cases are cited

in support of this distinction, and no reasons are assigned
why it should exist.   Justice COWEN says that an excep-
tion entered on a replevin bond followed by the mere ne-
glect of the sureties to justify will not work their dis-
charge.   This conclusion seems to have been influenced
by the condition of the bond, a strict compliance with
which was required, unless prevented by the default of
the obligee or a release, &c.   It is true, that the form of
the undertaking and the obligation of the surety are differ-
ent in actions of claim and delivery to those in cases of
arrest, but the right to except is the same.   The qualifica-
tions of the sureties are required to be the same, and their
allowance is governed by the same rules.   I think there
should be no distinction as to the effect of an exception
not waived within the time allowed for justification be-
tween the cases mentioned.

The party having the right to do so declares in the form
prescribed that he will not accept the surety offered, and
should be bound by his election.   This is a natural and
just view of the act of excepting.   The surety feels that,
having been rejected, he is no longer bound and may not
look for his indemnity to his principal, which he might
otherwise do.   And this feeling is one prompted by com-
mon sense, and should be the expression of the common
law.   But if this view be incorrect, it seems to me that
there can be no doubt that the judicial determination that
the surety was insufficient and the substitution of other
bail operates as an exoneration.

In *Van Dyne* agt. *Coope*, Justice COWEN says " it is not
necessary to say what effect the complete substitution of
new bail may have in replevin as a consequence of the ex-
ception," but I think it has such an effect as stated.   The
substituted surety is necessarily a result of the judicial
act, and he assumes the obligations which his predecessor
was declared unqualified to discharge.   He may be re-
garded in other words as having taken his place on the

record by order of the court. For these reasons I think the judgment of the court below should be reversed.

DALY, F. J. I concur upon the ground that there was a substitution of new bail, after exception; and a failure to justify.