## LEVI CONOVER

### *v.*

## MARTHA M. HILL *et al.*

1. JOINT OBLIGATION—*death of joint obligor—effect on rights of obligee.* In case of a joint obligation, if one of the obligors die, his representatives are at law discharged, and the survivor alone can be sued. And it also seems well settled, that if the joint obligor so dying be a surety, not liable for the debt irrespective of the joint obligation, his estate is absolutely discharged, both at law and in equity, the survivor only being liable.

2. CHANCERY JURISDICTION—*contribution between sureties.* The general jurisdiction of courts of equity over matters of account, includes cases of contribution between sureties bound for the same principal, and the jurisdiction assumed in courts of law upon this subject in no manner affects that originally and intrinsically belonging to equity.

3. SURETY—*right to contribution from estate of deceased co-surety.* Where one of the sureties upon the bond of a school commissioner, which was joint and several, died, and after his death the surviving surety was compelled to pay for the default of the principal, it was *held*, that the survivor had a right to compel a contribution from the estate of the deceased co-surety.

4. CONTRIBUTION—*sufficiency of bill for, against estate.* Where a bill in equity by a surety, against the administrator and heirs of a deceased co-surety, for contribution, was filed, on the complainant's own behalf and that of all other creditors of the estate, and it failed to show when letters of administration were issued, or that the two years had elapsed from the time they were issued, or any legal ground or reason for taking administration from the probate court, where his remedy was ample, it was *held*, that the bill was properly dismissed on demurrer to the same.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

This was a bill in chancery, filed by Levi Conover, Martha M. Hill, Maria McGuire, John McGuire, George Hill, Helen Hill, heirs at law of James M. Hill, and James H. Pickerell, administrator of James M. Hill, deceased. The facts of the case necessary to an understanding of the points decided, are stated in the opinion of the court.

Mr. S. G. MALONE, for the plaintiff in error.

Messrs. NELSON & ROBY, for the defendants in error.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

Conover, the plaintiff in error, and one James M. Hill, became, November. 1863. sureties upon the official bond of one Holinger, appointed school commissioner of Cass county. Holinger was a defaulter. Hill died October 5, 1867. The bond being joint and several, suit was afterwards brought upon it against Conover alone, which proceeded to judgment October 6, 1869, for $1947.08, damages, besides costs, which Conover, on the 9th of same month, paid. Letters of administration upon Hill's estate were issued, but at what time does not appear. This bill in equity was brought by Conover, in November, 1872, against the administrator, widow and heirs of Hill, for an account and contribution. The court below sustaining a demurrer, dismissed the bill, and the record is brought to this court on error.

If the bond in question had been, in form and legal effect, joint, merely, the death of Hill, so far, at least, as the obligees were concerned, would have been a discharge of his estate, both at law and in equity. For it is a well settled principle, that, in case of a joint obligation, if one of the obligors die, his representatives are at law discharged, and the survivor alone can be sued. And it seems to be equally well settled, that if the joint obligor so dying be a surety, not liable for the debt irrespective of the joint obligation, his estate is absolutely discharged, both at law and in equity—the survivor only being liable. In such case, it is said, where the surety owed no debt outside and irrespective of the joint obligation, the contract is the measure and limit of his obligation. He executes a joint contract, incurs a joint liability, and none other. Dying prior to his co-obligor, the liability all attaches

to the survivor.    See *Getty* v. *Binsse et al.* 49 N. Y. 385, and authorities there cited.

The bond in this case was joint and several, and no joint judgment had been recovered against all the obligors.    There being a several liability on the part of James M. Hill to the obligees, the doctrine above enunciated would not apply as to the obligees, and much less will it as against Conover, the co-surety, who has discharged the obligation.

The general jurisdiction of courts of equity over matters of account, includes cases of contribution between sureties bound for the same principal ; and the jurisdiction assumed in courts of law upon this subject, in no manner affects that originally and intrinsically belonging to equity.    1 Story Eq. Jur. secs. 492, 496.

"The ground of relief does not stand upon any notion of mutual contract, express or implied, between the sureties, to indemnify each other in proportion, (as has sometimes been argued), but it arises upon principles of equity, independent of contract."    Ib. sec. 493.

There can be no question but complainant was entitled to contribution from the estate of James M. Hill, for his proportion of the amount paid by him to relieve of the common burden, nor is there any doubt of the general jurisdiction of chancery in cases between sureties for an account and contribution.    The objection raised to the bill in this case is, that it seeks to withdraw the administration of Hill's estate from the probate court, without showing any special reasons therefor.

In *Freeland, executor, etc.* v. *Dazy,* 25 Ill. 294, it was held, that, while it could not be questioned that the court of chancery could, in the exercise of its general jurisdiction, take upon itself the administration of estates, yet the court will not exercise this jurisdiction, except in extraordinary cases, where some special reasons are shown to exist why the administration should be withdrawn from the probate court.

This bill was filed by complainant, on his own behalf and that of all other creditors of the estate, making the administrator a party. It fails to show when letters of administration were issued, or that the two years had elapsed from the time they were issued, or any legal ground or reason for taking administration from the probate court, whose remedy was ample for the case. *Harris* v. *Douglas*, 64 Ill. 466.

The demurrer was properly sustained, and the decree of the court below will be affirmed.

*Decree affirmed.*