# Wytheville.

## PENN v. BAHNSON.

### July 6th, 1892.

1. JOINT OBLIGORS—*Release of one.*—Under Code, §§ 2856, 2857, 2859, a creditor who has compromised with one of several joint obligors, and received his full share of the obligation, may sue the other obligors without making the released obligor a party.

2. IDEM—*Contribution.*—By such compromise the right of contribution between the joint obligors is not, under said sections, impaired.

Appeal from decree of circuit court of Patrick county, rendered October, 1889, in the cause wherein the appellants, R. G. Penn & Co., were complainants, and Henry S. Bahnson and others were defendants.   Opinion states the case.

*Green & Miller*, for appellants.

*Samuel Anderson* and *A. P. Staples*, for appellees.

LACY, J., delivered the opinion of the court.

The bill was filed in this cause in May, 1889, by the appellants, on behalf of themselves and all other lien creditors of the defendants who should come into the suit in the usual way and upon the usual terms, to subject the land of the defendants to the payment of their debt and the lien of a trust deed, which was executed by the defendant and one P. C. Penn, to secure their joint obligations—one bond for $1,000, payable to Frank H. Fries, at the office of F. & H. Fries, at Salem, N. C., twelve months after date, dated May 22, 1876, bearing 8 per cent. interest; another bond of same amount and same date, at the same rate of interest, and payable at the same

place, payable to John W. Fries, trustee; and another bond, payable to John W. Fries, agent of Elis Spalt, for $500, similar to the other two. The bill does not make P. C. Penn a party, because, as alleged, P. C. Penn had paid, and the plaintiffs had accepted from him, one third of said debt, in full satisfaction of his share of said debt, and that, therefore, nothing was due from him. The court decreed an account of the liens on the lands of the defendants, and an account of the value of the lands of the defendants, annual and fee simple, the bill having been taken for confessed as to all the defendants. And this account was taken and reported to the court, when the defendants appeared and excepted to the said report—first, because the commissioner had allowed 8 per cent. interest on the bonds, which was alleged to be illegal rate, because 6 per cent. is the legal rate in Virginia; second, because without proof the $500 due Valentine Hylton is reported; third, because the commissioner reported the judgment of R. G. Penn & Co. without any request from said creditors. And on the 11th day of October, 1889, the defendants, E. L. Penn and E. C. Penn, filed their joint demurrer and answer, by leave of the court, on the same day that the decree complained of was rendered, which granted the relief prayed for in the bill, overruling the demurrer, and disregarding the answer, which was unsupported by evidence; whereupon an appeal was taken to this court.

The ground of the demurrer is that one of the then obligors in the bonds in question was not made a party defendant, nor otherwise made a party to the suit; whereas he was a proper and necessary party to the suit. The defense set up in the answer is: First, as to the alleged usurious interest; second, that the defendant, E. C. Penn, had been in partnership with the other obligors, P. C. Penn and R. G. Penn, in the manufacture of tobacco, and had sold out his interest to P. C. Penn, part of the consideration of which was that P. C. Penn should

pay E. C. Penn's share of this debt, and that, instead of doing this, P. C. Penn had paid only one third of the debts, and had taken an acquittance as to himself.

As to the demurrer for want of parties, the general rule on the subject was stated by Lord Hardwicke, in *Madox* v. *Jackson*, 3 Atk. 406, to be: When a debt is joint and several, the plaintiff must bring each of the debtors before the court, because they are entitled to the assistance of each other in taking the account; and for the further reason that the debtors are entitled to a contribution when one pays more than his share of the debt. But exceptions are there stated to this general rule, and that case was an instance of the exception to the rule, that being a case where there were three obligors, and suit was brought only against two, the other being dead, and insolvent, as stated in the bill, and the objection for want of proper parties was overruled.

In Calv. Parties, p. 11, are stated all the principles and many decisions touching this question, stating Lord Hardwicke's rule to be what persons are necessary " to make the determination complete, and to quiet the question." *Poore* v. *Clarke*, 2 Atk. 515, (1742,) cites another learned author as saying that " all concerned in the demand ought to be made parties in equity." Not all concerned in the subject-matter respecting which a thing is demanded, but all concerned in the very thing which is demanded—the matter petitioned for in the prayer of the bill; in other words, the object of the suit. The propriety of a person being made a party depends on his interest, not in the subject-matters, but the object of the suit. The word " interest," when used as the criterion of the proper parties of a suit, means interest in the object, not interest in the subject-matter. Upon the combination of all the authorities, the rule is stated thus: " All persons having an interest in the object of the suit ought to be made parties."

Mr. Justice Story says: " All persons who are interested

in the object of the bill are necessary and proper parties. * * * The exceptions will be found to be governed by one and the same principle, which is that, as the object of the general rule is to accomplish the purposes of justice between all the parties in interest, and it is a rule founded in some sort upon public convenience and policy, rather than upon positive principles of municipal or general jurisprudence, courts of equity will not permit it to be so applied as to defeat the very purposes of justice, if they can dispose of the merits of the case before them without prejudice to the rights or interest of other persons who are not parties, or if the circumstances of the case render the application of the rule wholly impracticable." Story, Eq. Pl., § 77. The rule is stated thus by the same author: "It has been said that persons are necessary parties when no decree can be made respecting the subject-matter of the litigation until they are before the court, either as plaintiffs or defendants; or when the defendants already before the court have such an interest in having them made parties as to authorize those defendants to object to proceeding without such parties."

In Lomax on Executors, p. 799, the general rule is stated in the language of Lord Hardwicke, in *Madox* v. *Jackson, supra.* There is no conflict, and but little variety, in the discussion of this question in any of the works. But the subject is difficult in application to the various circumstances that arise in the course of human transactions. Long ago the statute law has been so framed in Virginia as to relieve the question of much of its difficulty, and our Code provides that a creditor may compound or compromise with any joint contractor or co-obligor, and release him from any liability on his contract or obligation, without impairing the contract obligation as to the other joint contractors or co-obligors; and that, when this is done, the contract shall be credited with the full share of the party released, except in the case of a surety

or co-surety, when the credit shall be the amount paid; and that this shall not affect or impair the right of contribution between joint contractors and co-obligors. Sections 2856, 2857, 2859, Code Virginia. So that any right to contribution is saved to the co-obligors notwithstanding the release on the part of the creditor.

Now, in this suit, what was the object of the suit? To recover two thirds of this debt only. P. C. Penn had no interest in this. There was no demand or relief sought against him. He had discharged his obligations to the creditor. The creditor had no cause of action against him. Was there any right of contribution which the defendants would lose by his absence from the suit? All these rights are secured to them by the statute, and there was no reason to make him a party. He was not a necessary party, and, under the circumstances of this case, it is not clear that he would have been a proper party. This is the only question of difficulty in the case. As to the usury, this contract was payable in North Carolina, and was a North Carolina contract, and the usury laws of Virginia do not apply to it. And it does not appear to be usurious according to the laws of North Carolina, and is not alleged to be. It is evident that the contract is not a contract to be performed in the state of Virginia, because, upon its face, it is to be performed in North Carolina; and it does not appear to be, and is not alleged to be, illegal by the laws of the latter state. This disposes of Exception No. 1. And Exceptions No. 2 and No. 3 are not passed on by the court in the decree, which is interlocutory, and not final, and the case has been, as to these, recommitted to the commissioner for further inquiry and report.

There is no error in the decree appealed from, and the same must be affirmed.

DECREE AFFIRMED.