## Thomas E. Minkler and Mary Ella Minkler v. John R. Simons, Adm'r, et al.

1. ADMINISTRATION OF ESTATES—*Jurisdiction of Courts of Equity.*— A court of equity will not take jurisdiction of the administration of estates, except in extraordinary cases, when some special reason is shown to exist why the administration should be withdrawn from the County Court.

2. SAME—*Interference of Equity Held to be Unwarranted Under the Circumstances.*—A will directed the administrator with the will annexed to sell the testator's real estate. and distribute the proceeds among his three children, and a codicil revoked the devise to one of the children, but made no provision for the disposition of his share. A bill was filed asking to have the will and codicil construed and carried into effect. *Held,* that the County Court had plenary power to construe the will and order a distribution of the proceeds of a sale of the real estate, and that the Circuit Court might review its order on appeal, but that it ought not to entertain a bill in equity in the first instance.

Bill, to construe and execute a will. Appeal from the Circuit Court of Kendall County; the Hon. CLARK W. UPTON, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

A. M. Beaupre and C. I. McNett, attorneys for appellants.

Samuel J. Lumbard, attorney for appellees John R. Simons, Adm'r, and Susannah Simons.

The County Court has ample authority not only to construe the will and codicil and order distribution pursuant to their terms, but also to compel the administrator to discharge his duty. " The County Court shall have jurisdiction in all matters of probate, settlements of estates of deceased persons, etc." R. S., Chap. 37, Sec. 118.

It is also well settled that a court of chancery will not, except in extraordinary cases, supersede the Probate Court in the administration of an estate. Crain v. Kennedy, 85 Ill. 340; Heustis v. Johnson, 84 Ill. 61; Hales v. Holland, 92 Ill. 498; Harding v. Shepard et al., 107 Ill. 273.

Courts of equity "will never entertain a suit brought solely for the purpose of interpreting the provisions of a will without further relief, and will never exercise a power to interpret a will which only deals with and disposes of purely legal estates or interests, and which makes no attempt to create any trust relations with respect to the property donated. * * * They do not take jurisdiction of actions brought solely for the construction of instruments of that character, nor when only legal rights are in controversy." Pomeroy's Equity Jurisprudence, Sec. 1156.

" Where no trust is created, the law, as we understand it, is that neither the executor nor heir, or devisee who claims only a legal title in the estate, will be permitted to come into a court of equity for the purpose of obtaining a judicial construction of the will. Where only purely legal titles are involved and no other relief is asked, equity will not assume jurisdiction to declare such legal titles, but will remit the parties to their remedies at law." Strubher et al. v. Belsey, 79 Ill. 308.

J. Ivor Montgomery and P. G. Hawley, attorneys for appellees Florence C. Andrews and Charles H. Andrews.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellants filed their bill in equity against appellees, for the purpose of having construed and carried into effect the last will and codicil thereto of Smith G. Minkler, deceased, of whose estate appellee, John R. Simons, is administrator with the will annexed. By agreement of parties the cause was heard by the court below upon bill and answers of all the defendants, without replications or proofs other than the will and codicil. On such hearing the court dismissed the bill for want of equity and the complainants appealed to this court.

Without setting out the various provisions of the will at length, it will be sufficient for our purpose to say, that by the will, deceased devised to his then children, Susannah Simons, Thomas E. Minkler and Florence C. Andrews, all his real estate, subject to the right of his wife to use and enjoy the same during the term of her natural life.

His wife, Sarah Ann Minkler, and one W. W. Winn, were named as executors of the will, with full power to sell and dispose of the real estate, and the same power of sale was conferred upon the surviving executor or administrator with the will annexed, in case the executors named should not make the sale; and the administrator was directed to make such sale as soon as should be consistent with the interests of the estate.

By a codicil to the will, deceased revoked the devise of one-third of the real estate to his son, Thomas E. Minkler, and directed that on the final settlement of the estate said Thomas should receive the sum of $1,200. No disposition was made of the one-third interest in the real estate previously given to Thomas E. Minkler.

The will and codicil were admitted to probate in the County Court of Kendall County on June 19, 1895, and such further proceedings were had upon the renunciation of persons named as executors, that the said John R. Simons was appointed administrator with the will and codicil annexed of the estate of said Smith G. Minkler, deceased, and he duly qualified and is still acting as such administrator.

Minkler v. Simons.

The only question sought to be settled by a construction of the codicil, as stated by counsel for appellants, is: " Where a testator by his will devises his real estate to his three children as tenants in common, and afterward, by codicil, revokes the portion devised to one, but makes no new disposition of such portion, whether the portion so revoked is intestate estate, or accrues to the other two children." We do not think the question is properly before this court for determination. In any view we have been able to take of the case, we think the action of the court below in dismissing the bill, was proper, and must be affirmed.

The will, as we have seen, directs the administrator with the will annexed to sell the real estate and distribute the proceeds. This, the administrator says, he has always been willing to do, and is still willing. But even were he unwilling, the power of the County Court is ample to compel the performance of any duty devolved upon him by the will and codicil. No reason is perceived why a court of equity should interfere and take the administration of the estate out of the County Court. The decisions are numerous in this State, in which it has been held that a court of equity will not take jurisdiction of the settlement of estates, except in extraordinary cases, when some special reason is shown to exist, why the administration should be withdrawn from the County Court. Freeland, Ex'r, etc., v. Dazey et al., 25 Ill. 294; Heustis et al. v. Johnson et al., 84 Id. 61; Crain v. Kennedy et al., 85 Id. 340; Harding v. Shepard et al., 107 Id. 264. No such reason appears in this case. When the real estate is sold the Probate Court has plenary power to construe the will and order a distribution of the proceeds. If that court should decide improperly, there is a remedy by appeal to the Circuit Court, but we think that court ought not to entertain jurisdiction by bill in equity in the first instance in cases of this character.

For the reasons given the decree will be affirmed.