SEIDMAN v. FINKELSTEIN et al.

(Supreme Court, Appellate Term.   May 31, 1912.)

1. APPEAL AND ERROR (§ 1225*)—UNDERTAKING—FAILURE OF SURETY TO JUS-
TIFY—WITHDRAWAL OF EXCEPTIONS.
A surety on an undertaking on appeal is not discharged ab initio mere-
ly because of his failure to justify, where before expiration of the time
for justifying exception to the sureties is withdrawn, and the court then
approves the undertaking;   the provision of Code Civ. Proc. § 1335, that
"the effect of a failure so to justify and to procure an allowance is the
same as if the undertaking had not been given," not applying where the
exception is withdrawn or waived.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4729–
4733;   Dec. Dig. § 1225.*]

2. PRINCIPAL AND SURETY (§ 163*)—DISMISSAL AS TO ONE SURETY—JUDGMENT.
Dismissal against one of the defendants of the complaint in an action
against the sureties on an undertaking on appeal does not prevent re-
covery of the full amount against the other surety;   such dismissal not
depriving him of his right of contribution from his cosurety.
[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§
446–454;   Dec. Dig. § 163.*]

Appeal from City Court of New York, Trial Term.

Action by Annie Seidman against Herman Finkelstein, impleaded
with another.   From a judgment for plaintiff, and from an order
denying a motion for new trial, named defendant appeals.   Affirmed.

Argued January term, 1912, before SEABURY, GERARD, and
HOTCHKISS, JJ.

Charles Goldzier, of New York City, for appellant.
Isador Goetz, of New York City, for respondent.

SEABURY, J.   This is a common-law action upon an undertaking
given on appeal.   The respondent recovered a judgment by default
against one Adelman, and the undertaking upon which this action is
brought was given when Adelman appealed from the judgment and
from an order denying his motion to open his default.   This order
was affirmed on appeal, and the appeal from the judgment was dis-
missed.   The undertaking was signed by Adelman, and by the appel-
lant and one Punie as joint and several sureties.   The present action
was brought against both the appellant and Punie.   The complaint
was dismissed as against Punie, on the ground that his failure to jus-
tify discharged him from liability.   When the appeal was taken by
Adelman and the undertaking given, the plaintiff excepted to the suf-
ficiency of the sureties, and on March 6, 1911, Adelman's attorney
served notice of justification.   The justification of sureties was ad-
journed from time to time until March 22d.   On March 15th, the ap-
pellant made an affidavit as to his qualifications as a surety.   On
March 22d, the attorneys for the respective parties entered into the
following stipulation:

"It is hereby stipulated and consented by and between the attorneys for
the respective parties heretofore that, upon the examination of Herman Fin-
kelstein and upon all the papers and proceedings had therein, the respondent's

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

exceptions to the sureties on the undertaking herein be and the same hereby are withdrawn, and the undertaking on appeal herein be and hereby is approved."

It will be observed that, under this stipulation, the plaintiff withdrew his exceptions to the sureties, and that these exceptions were withdrawn *before* the time within which the sureties were required to justify had expired, and that on the same day the undertaking was approved by the court. The record presented a sharp conflict of fact as to whether or not Punie refused to justify before the expiration of the time allowed by law, and made his refusal known to the attorney for the respondent. The appellant made no objection to the granting of the motion dismissing the complaint as to Punie, nor did he ask that the question as to whether or not Punie refused to justify be submitted to the jury, nor does the appellant upon this appeal make any point based upon the evidence tending to show that Punie *refused* to justify before the exceptions were withdrawn. Neither the respondent nor the appellant has appealed from the judgment dismissing the complaint against Punie. If the issue of fact as to whether Punie had refused to justify before the expiration of the time for justification had been submitted to the jury, and if the jury had determined that Punie did so refuse, a different question would be presented from that which we regard as presented by the record before us. As that issue was not submitted to the jury and was not determined, we do not decide the legal result attending it. The facts which we deem established by the record before us are these: Namely, Punie did not justify, the plaintiff's exception to him as a surety was withdrawn *before* the time for his justification expired, and the complaint herein against Punie has been dismissed, because he failed to justify, from which dismissal no appeal has been taken. It thus appears that Punie was originally a cosurety with the appellant, and that Punie, by the dismissal of the complaint against him, has been discharged from further liability to the respondent. If Punie never became a surety, or if the facts were such as to justify a holding that, although originally proposed as a surety, he was rejected or withdrew, so that for all legal purposes he should be considered never to have been a surety, there. not only could have been no recovery against him by this respondent, but he would not be liable to this appellant for any contribution, in case the appellant were held for the full amount of the undertaking. But if he did become a surety, and if thereafter he was discharged so far as any obligation to this appellant is concerned, such discharge, under the circumstances of this case, would not (as we show hereafter) destroy the respondent's right to enforce the undertaking as against this appellant, nor the appellant's right to enforce contribution from Punie for anything the appellant might pay on account of such undertaking. While the question is not before us, so far as it involves any disturbance of the judgment dismissing the complaint as to Punie, we have the right and it becomes necessary for us to consider the facts disclosed by the record, to determine their effect, in conjunction with the judgment of dismissal, so far as the rights of this appellant and this respondent are concerned.

[1] Upon this record, we think that Punie was not discharged ab initio upon the undertaking merely by reason of his failure to justify.

It is true that section 1335 of the Code of Civil Procedure provides that:

"The effect of a failure so to justify and to procure an allowance is the same as if the undertaking had not been given."

This section of the present Code is derived from section 341 of the Code of Procedure, which contained specific references to sections 195 and 196 of that Code. These sections of the Code of Procedure, so far as the allowance of the undertaking by the court is concerned, are substantially the same as those contained in section 1335 of the Code of Civil Procedure. Chamberlain v. Dempsey, 13 Abb. Prac. 421; Kelsey v. Campbell, 38 Barb. 238. The question as to whether or not a surety is to be deemed to be discharged or to be treated as if he had never become a surety, because of his failure to justify, is not dependent upon the approval of the undertaking by the court. The determinative factor in ascertaining whether the surety is absolved ab initio from all liability on the undertaking is whether or not the surety has justified within the time allowed by law, unless the excepting party shall, *before* the expiration of such time, waive or withdraw his exception to the surety. An examination of the cases in this state upon this subject reveals the fact that this distinction has been continuously observed.

In People v. Superior Court of New York, 20 Wend. 607, the court pointed out that in People v. Judges of Onondaga, 1 Cow. 54, and in Throp v. Faulkner, 2 Cow. 514, it does not appear whether the waiver of the exception was before or after the time for justification had expired. In that case, Nelson, C. J., said:

"It is well settled that the bail cease and are to be deemed out of court, if they do not justify within the time allowed, and *after* this it may well be that the plaintiff cannot waive the exception, and that even the attorneys cannot do so without the assent of the bail. [Lawrence v. Graham], 9 Wend. 479. Their contract is at an end. But, if the waiver takes place *before* the time for justification has expired, I am unable to discover any reason against giving it effect, either in respect to the bail themselves or their principals, nor can I find any case deciding the contrary."

McIntyre v. Borst, 26 How. Prac. 411, had to do with an undertaking in replevin, as to which it is now settled that a different rule is to be applied from that which relates to an undertaking given on appeal. Manning v. Gould, 90 N. Y. 476. Notwithstanding the distinction which now exists as to undertakings given on appeal and undertakings given upon replevin, Brady, J., discussed the question generally, and said:

"The rule is well settled that, if bail do not justify within the time allowed by the rules of the court, they cease to be bail, and the plaintiff cannot hold them by giving notice that he waives the exception. * * * It is otherwise if the notice of waiver be served *before* the period for justification has expired."

In Manning v. Gould, 90 N. Y. 476, it was held that, where the sureties to an undertaking are excepted to, and fail or refuse to jus-

tify, and the justification is not waived by the respondent, the sureties are discharged from liability. In that case the court said:

"It is unnecessary to determine' whether or not the exceptant might have waived her exception at any time *before* the refusal of the sureties to justify. No waiver in this case was made or attempted."

In Hoffman v. Smith, 34 Hun, 485, Daniels, J., said:

"The effect of a failure to justify by the sureties was held in Manning v. Gould, 90 N. Y. 476, to relieve them from liability upon the undertaking, and to entitle the respondent to proceed upon the judgment the same as though no undertaking had, in fact, been given. And this authority seems to control the disposition which should be made of this appeal, for *before* the notice withdrawing the exception and waiving the justification of the sureties was served, they had positively refused to justify."

These authorities make it evident that the failure of Punie to justify did not, under the circumstances disclosed, discharge him ab initio from his obligation upon the undertaking.

[2] If, in view of the waiver of the exception before the expiration of Punie's time within which to justify, Punie is to be regarded as surety, then the appellant and Punie were cosureties, and the plaintiff could sue either one or both upon the undertaking. If, however, the dismissal of the complaint as against Punie, and the failure of the respondent to appeal from such dismissal operates, as we think it must be held to operate, as a discharge of Punie from liability to the respondent, it is nevertheless true that this discharge did not defeat the appellant's right of contribution against Punie. The discharge of Punie as cosurety from his obligation on the undertaking did not release him from his liability to contribute to the appellant his share of the obligation which the appellant was required to pay. Stevens v. Cooper, 1 Johns. Ch. 425, 7 Am. Dec. 499; Hoyt v. Tuthill, 33 Hun, 196; Ellsworth v. Caldwell, 27 How. Prac. 188; Clapp v. Rice, 15 Gray (Mass.) 557, 77 Am. Dec. 387; Penn v. Bahnson, 89 Va. 253, 15 S. E. 586; Boardman v. Paige, 11 N. H. 431; Conover v. Hill, 76 Ill. 342; Bachelder v. Fiske, 17 Mass. 464; Aikin v. Peay, 5 Strob. (S. C.) 15, 53 Am. Dec. 684.

In Waggoner v. Walrath, 24 Hun, 443, 447, it is laid down broadly that, where one surety is discharged from his obligation to answer for the demand against the principal, he is not liable to his surety for contribution. This statement is made solely on the supposed authority of Tobias v. Rogers, 13 N. Y. 59, which was a case where the surety was discharged in bankruptcy upon proceedings instituted on his own petition. The case of a surety discharged in bankruptcy is an exception to, and not an illustration of, the general rule. In Boardman v. Paige, supra, Woods, J., reviewed the authorities, and made a clear statement of the general rule and the recognized exception existing in bankruptcy cases. He said:

"Generally, if the contract or other ground of relief relied upon be not of a character to operate as a discharge of the debt or liability to the promisee as to all the promisors, it will not avail, we apprehend, as a discharge of the liability for the contribution, among the copromisors, existing in favor of such as may be compelled to pay or discharge such debt, or other liability, against the others. An exception to this general rule may be found to exist,

in the provisions of special statutes, as in the case of acts of bankruptcy or insolvency, in which, at the same time that it is provided that the direct liability of the bankrupt or insolvent to the promisee shall be discharged, provision is made for the limitation of the remedy of sureties or copromisors to the assets in the hands of the assignees."

In 9 Cyc. 795, the rule is stated as follows:

"As a general rule, discharge or release of the direct liability of one co-obligor to the obligee will not avail him as a discharge from his liability for contribution to the other co-obligors, unless the discharge be of a character to release the others also; but this is not true of a discharge under the bankruptcy laws."

We do not regard Morgan v. Smith, 70 N. Y. 537, as opposed to the view here expressed. The opinion in that case is based on the assumption that, upon the facts then before the court, the appellant had no right of contribution against his cosurety. That assumption cannot be indulged here. To indulge it is to beg the question in issue. If the appellant, in the event of his being required to pay the full amount of the undertaking, cannot have contribution against Punie, then justice would require that the principle asserted in Morgan v. Smith, supra, and the other cases to the same effect should be applied. If, however, the appellant may in such a case have contribution against Punie, then the principle asserted in Morgan v. Smith, supra, does not touch the question in issue. The original obligation of the appellant and Punie was joint and several. The appellant's obligation was incurred under circumstances which, apparently, justified him in believing that Punie would be his cosurety upon the undertaking. The respondent accepted the undertaking after the justification of the appellant, and withdrew his exceptions to Punie before Punie's time to justify had expired. It is reasonable to suppose that the respondent did this, not because he was satisfied with security for one-half the amount specified in the undertaking, but because he was satisfied that the appellant was of sufficient financial ability to pay the full amount of the undertaking. The appellant knew that, under the terms of the undertaking, he was liable individually for the full amount named in it, and it is no injustice to him that he should be held to this measure of responsibility.

It may truly be urged that, when the appellant signed the undertaking, he contemplated that his cosurety would continue to be liable to the respondent. The fact that Punie, by reason of the dismissal of the complaint against him, and the failure of the respondent to appeal from such dismissal, was discharged from further liability to the respondent, did not operate to deprive the appellant of his right of contribution against his cosurety. The application of this rule does not do violence to the intention of any of the parties; whereas, a contrary rule makes for the parties an agreement radically different from that which they contemplated when the undertaking was given. The appellant knew that, under the terms of the undertaking, he was liable for the full amount named therein. To assume that the appellant only contemplated that he would be liable for one-half the amount specified in the undertaking is to indulge in a supposition which is directly contrary to the terms of the appellant's obligation. The ap-

pellant had the right to rely upon being able to compel his cosurety to reimburse him for any amount in excess of his share of the obligation which he was required to pay. The application of the rule here applied gives full effect to this right of the appellant. If the appellant pays the full amount of the undertaking, he may then, upon the facts now disclosed by this record, have contribution against his cosurety; but he cannot limit the right of the obligee of the bond to recover one-half of the amount due.

For these reasons, we are of the opinion that the judgment should be affirmed, with costs. All concur.