854 F.2d 1317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
QUALITY INNS INTERNATIONAL, INC., Plaintiff-Appellee,
v.
Lamar M. JOLLY, Defendant-Appellant,
and
Ashland Investment Company, Inc., Wayne D. Franklin, Defendants.
 No. 88-2022.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 29, 1988.
Decided July 27, 1988.
 
 Lamar M. Jolly, appellant pro se.
 James William Korman, Bean, Kinney, Korman, Hylton & Moore, for appellee.
 Before MURNAGHAN, ERVIN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Quality Inns International (Quality Inns) commenced a diversity action against Ashland Investment Company (AIC), Wayne Franklin, and Lamar Jolly for breach of contract, unfair competition and violations Sec. 43(a) of the Trademark Act of 1946. The action was based on AIC's failure to make timely payments as required under a franchise agreement with Quality Inns. Franklin and Jolly were sued on their contract to guarantee payment of the AIC debt. After the action was commenced Franklin and Quality Inns entered into an agreement by which Franklin would pay $35,000 to Quality Inns in exchange for dismissal of the action against him.
 
 
 2
 The district court clerk entered a default against Jolly based on his failure to respond to the complaint. Quality Inns moved for entry of judgment by default, and served Jolly with a copy of this motion. Jolly failed to appear at the hearing, instead sending to the court an untimely motion to dismiss the action as barred by the Franklin-Quality Inns settlement. The district court entered judgment against Jolly for $53,448.60 (the remainder of the debt) plus attorney's fees in the amount of $4,425.74. Jolly appealed.
 
 
 3
 Although the Franklin-Jolly agreement is entitled a "Guaranty," the contract is legally a surety agreement because of its unconditional and absolute agreement to pay the AIC debt. See Phoenix Insurance Co. v. Lester Brothers, Inc., 203 Va. 802, 127 S.E.2d 432 (1962); see also 9A Michie's Jurisprudence of Virginia & West Virginia, Guaranty Sec. 4 (1977).
 
 
 4
 Jolly contends that the Franklin-Quality Inns settlement of $35,000 precludes any additional payment. However, Sec. 11-10 of the Code of Virginia specifically states that the creditor's release of one cosurety does not impair the creditor's ability to recover against another cosurety. See Penn v. Bahnson, 89 Va. 253, 15 S.E. 586 (1892). Jolly agreed to pay the entire debt if AIC were unable to make payments. As the terms of the agreement hold Jolly liable for 100 percent of the debt, and as their release of one cosurety in no way alters Jolly's rights to contribution from the released cosurety, we affirm the district court's judgment. See Va.Code Ann. Secs. 11-11, 11-13 (1985).
 
 
 5
 Accordingly, we deny the appellant's motion to dismiss and affirm the decision of the district court. Because the facts and legal contentions are adequately developed in the materials before the Court and argument would not significantly aid the decisional process, we dispense with oral argument pursuant to Fed.R.App.P. 34 and Local Rule 34(a).
 
 
 6
 AFFIRMED.